**Isiah PRESLEY, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 30, 1999.

Decided Sept. 9, 1999.

---

Isiah Presley, petitioner, pro se.

Arthur R. Thomas, Harrisburg, for respondent.

Before McGINLEY, J., KELLEY, J., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Senior Judge.

Before this Court are (1) the petition of Isiah Presley (Presley), an inmate at the State Correctional Institution at Graterford, Pennsylvania, for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief; and (2) the petition to withdraw as counsel filed by Presley's court-appointed counsel. We deny the petition to withdraw and consequently do not reach the merits of the petition for review.

The record certified to this Court reveals the following pertinent facts. Presley was last reparoled on July 20, 1993, while serving a sentence for his 1981 conviction of a robbery charge. Presley was arrested on new criminal charges on September 7, 1995, and the Board lodged a detainer against him on February 27, 1996. Presley was subsequently convicted of the simple assault and theft charges in the Court of Common Pleas of Philadelphia County and was sentenced on January 15, 1997 to serve an imprisonment term of nine to eighteen months followed by two-year probation. After a revocation hearing held on March 5, 1997, the Board recommitted Presley as a technical and convicted parole violator to serve, when available, a total of thirty-month backtime on his original sentence.

The trial court later revised Presley's January 15, 1997 sentence as follows:

> Sentence of 1/15/97 in error. Sentence should read 'Time-in (9/6/95 – 2/21/96) to eighteen (18) months Phila. County Prison. Six (6) months consecutive probation.' Defendant to receive additional credit from 11/13/97 – 11/25/97.

Trial Court's November 25, 1997 Sentencing Order.

The Board subsequently recalculated Presley's maximum parole expiration date to September 3, 2000 in an order dated October 1, 1998. Presley then filed a petition for administrative relief, challenging the Board's recalculation of his maximum parole expiration date. Presley contended that he posted bail on February 21, 1996 following his arrest on the new criminal charges, that the sentencing judge granted him a parole effective January 15, 1997 in sentencing him to time served to eighteen months, and that in recalculating the maximum parole expiration date, the Board

failed to give him a proper credit for the time served from the date when the Board lodged the warrant against him and following his alleged parole.

After Presley filed the petition, the sentencing judge sent a letter to the parole agent, stating:

Specifically he was sentenced to time served to 18 months incarceration followed by two (2) years reporting probation consecutive to any period of state incarceration that Mr. Presley was required to serve.

A sentence of time served is a very common practice in Philadelphia County. It literally has the effect of an immediate parole. In this particular case, the sentence was created in this fashion so that Mr. Presley might begin to immediately serve his state sentence. Effective as of the date of my sentence (January 14, 1997).[sic] Mr. Presley has completed the period of incarceration imposed on the above captioned case.

Sentencing Judge's Letter dated November 17, 1998.

In a decision mailed on November 23, 1998, the Board denied Presley's request for administrative relief. The Board stated that Presley was given a credit toward the original sentence for the time served solely on the Board's warrant from February 27, 1996 through January 15, 1997, the date of his new sentence; the record did not support his claim that the sentencing judge granted him a parole on January 15, 1997; and he was not available to serve the thirty-month backtime until he completed the new eighteen-month sentence on January 30, 1998. Presley pro se appealed the Board's denial of his request for administrative relief, raising the same contentions presented to the Board.

This Court then appointed the Public Defender of Montgomery County to represent Presley in his appeal. This Court subsequently granted the assistant public defender's request and extended the time

period for filing a brief until April 21, 1999. When counsel did not file a brief by the due date, this Court ordered on May 3, 1999 that the petition for review will be dismissed unless a brief is filed within fourteen days.

On May 14, 1999, counsel sent a "no-merit letter" to Presley, in which he stated that the appeal is frivolous lacking any arguable merit and that he would seek this Court's permission to withdraw as counsel. On May 19, 1999, counsel filed a petition to withdraw, alleging that his conscientious review of the record did not reveal any arguable merit. Presley filed an objection to the petition to withdraw, contending, *inter alia*, that counsel's no-merit letter was untimely filed and that counsel in the letter failed to set forth sufficient basis for concluding that his appeal is frivolous. Presley's objection was stricken without prejudice to raise it in his brief.

Presley subsequently filed a pro se brief objecting to counsel's petition to withdraw, urging this Court to appoint new counsel and addressing the merits of the appeal. In its brief, the Board contends that the order sentencing Presley to the minimum term of time served is not an order granting him a parole and that Presley was required to serve his new sentence first in the county prison before serving the backtime on the original sentence in the state correctional institution, pursuant to Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended,* commonly known as the Parole Act, 61 P.S. § 331.21a(a).[1]

Before reviewing the merits of the appeal, we must first decide counsel's petition to withdraw. It is well established that an indigent parolee's right to assistance of counsel does not entitle the parolee to representation by appointed counsel to prosecute frivolous appeals. *Craig v. Pennsylvania Board of Probation & Parole,* 93 Pa.Cmwlth. 586, 502 A.2d 758 (1985). Consequently, court-appointed counsel may seek to withdraw his or her

---

1. Section 21.1 was added by Section 5 of the    Act of August 24, 1951, P.L. 1401.

representation of the parolee if counsel concludes, after a conscientious review of the record, that the appeal is wholly frivolous.[2] *Id.*

■ Pursuant to *Anders v. State of California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), court-appointed counsel, who seeks to withdraw his or her representation, must (1) notify the parolee of the request to withdraw, (2) furnish the parolee with a copy of the brief referring anything in the record that might arguably support the appeal (*Anders* brief), and (3) advise the parolee of the right to retain new counsel or raise any new contentions. The Pennsylvania courts subsequently permitted counsel to alternatively file a "no-merit letter," instead of an *Anders* brief, (1) detailing the nature and extent of counsel's review, (2) listing issues that the parolee wishes to raise, and (3) explaining why those issues lack any merit. *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Epps v. Pennsylvania Board of Probation & Parole*, 129 Pa. Cmwlth. 240, 565 A.2d 214 (1989).

■ In this matter, counsel sent the no-merit letter to Presley and later attached it to the petition to withdraw.[3] In concluding that Presley's appeal lacks any arguable merit, counsel stated in the letter that he conducted a thorough review of the record. Counsel further stated:

> Specifically, it was your position that (1) you were denied a timely Revocation Hearing; and (2) the Board erroneously recalculated your maximum sentence.
>
> First, it is clear from the record that the defense requested three continu-

ances of your Violation/Revocation hearings. It is equally clear, under Pennsylvania law, that this delay of forty-two days is properly excluded from the 120-day computation.

> Second, it is clear from the record that no other issues were raised in your Petition for Administrative Relief to the Pennsylvania Board of Probation and Parole. Therefore, those issue(s) are waived.

Contrary to counsel's assertion, however, it is apparent that he failed to conduct a conscientious review of the record.

In challenging the Board's recalculation of his maximum parole expiration date, Presley argued in the petition for administrative relief that he was entitled a credit toward his original sentence for the time served after the Board lodged the warrant in February 1996 and following the parole allegedly granted by the sentencing judge on January 15, 1997. The Board rejected Presley's argument in its decision. In the petition for review Presley raises these same issues, and the Board also discusses them in its brief. Instead of listing these issues and analyzing them in the no-merit letter, counsel refers to the issue of the timeliness of the revocation hearing which has never been raised by Presley. Counsel's assertion that "other issues," i.e., issues other than the untimely revocation hearing, have been waived by Presley for his failure to raise them before the Board is simply not supported by the record.

The purpose of an *Anders* brief or a no-merit letter is to ensure that court-appointed counsel has discharged his or her

---

2. The appeal is considered "wholly frivolous" when it completely lacks factual or legal reasons which might arguably support the appeal. *Craig.* In considering counsel's request to withdraw, this Court must make full examination of the record and an independent judgment as to whether the appeal is in fact wholly frivolous. *Id.*

3. Presley contends that the petition to withdraw should be dismissed because counsel failed to timely file the no-merit letter within the time period required for filing a *brief.* In

so contending, however, Presley totally disregards the fact that because counsel concluded that the appeal is frivolous, it was unnecessary for counsel to file a brief supporting the contentions raised in the petition for review. Moreover, counsel sent the no-merit letter to Presley on May 14, 1999 before the due date for filing a brief under this Court's May 3, 1999 order. Therefore, we reject Presley's contention that the no-merit letter was untimely.

duty to carefully assess any claims available to an indigent appellant. *Craig.* While a frivolous appeal is neither encouraged nor condoned, counsel's failure to discharge such duty will hinder our independent examination of the merits of the appeal. *Jefferson v. Pennsylvania Board of Probation & Parole,* 705 A.2d 513 (Pa. Cmwlth.1998).

Consequently, where, as here, court-appointed counsel has neglected his or her duty to make a thorough review of the parolee's claims and failed to specifically address *all* of the issues raised by the parolee in an *Anders* brief or a no-merit letter, counsel's petition to withdraw must be denied; under such circumstances, this Court will not reach the merits of the appeal until satisfied that counsel has discharged his or her duty. *Pierce v. Pennsylvania Board of Probation & Parole,* 688 A.2d 754 (Pa.Cmwlth.1997); *Hont v. Pennsylvania Board of Probation & Parole,* 680 A.2d 47 (Pa.Cmwlth.1996).

Accordingly, the petition to withdraw is denied without prejudice to file a new petition within thirty days of this Court's order. If counsel concludes, upon reconsideration, that the appeal is not frivolous, counsel shall submit a brief in support of the merits of the appeal within the said time period. Consideration of the merits of the petition for review is deferred until counsel files a new petition to withdraw or a brief on the merits of the appeal.

## ORDER

AND NOW, this 9th day of September, 1999, the petition to withdraw as counsel filed in the above-captioned matter is hereby denied without prejudice to file a new petition within thirty days of the date of this order. If counsel concludes, upon reconsideration, that the above-captioned appeal is not frivolous, counsel shall submit a brief on the merits of the appeal within the said time · period. Consideration of the merits of the petition for review is deferred until counsel files a new petition to withdraw or a brief on the merits of the appeal.