# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

LaShawn Evans,                          :
                                        :
                    Petitioner          :
                                        :
          v.                            :    No. 2300 C.D. 2014
                                        :
Pennsylvania Board of Probation         :    Submitted: July 2, 2015
and Parole,                             :
                                        :
                    Respondent          :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                    **FILED: August 5, 2015**


In this appeal, LaShawn Evans (Evans) petitions for review of an Order of the Pennsylvania Board of Probation and Parole (Board) that denied his request for administrative relief. In addition, we are presented with a Petition for Leave to Withdraw as Counsel (Petition to Withdraw) filed by Evans' court-appointed public defender, Tina M. Fryling, on the grounds that Evans' appeal is frivolous. Because Attorney Fryling has not addressed all the issues raised by Evans in his Petition for Review[1] filed with this Court, we deny the Petition to Withdraw.

---

[1] Evans filed an "Application for Writ of Mandamus Pursuant to 42 Pa. Cons, Stat. §761," which this Court ordered to be treated as a Petition for Review.

Evans was originally incarcerated after being sentenced by the Court of Common Pleas of Erie County (trial court) on January 8, 2007 to serve one to two years for drug offenses. (Order to Release on Parole/Reparole, C.R. at 11.) It appears from the record that Evans successfully completed this sentence. Evans was arrested on new charges and sentenced by the trial court on September 29, 2011, to serve six months to two years with a maximum sentence date of September 28, 2013. (Order to Release on Parole/Reparole, C.R. at 21.) Evans was released on parole on June 5, 2012. (Order to Release on Parole/Reparole, C.R. at 21.) On February 28, 2013, Evans was arrested for simple assault and defiant trespass, and the Board lodged its warrant to commit and detain Evans on the same day. (Warrant to Commit and Detain, February 28, 2013, C.R. at 25; Police Criminal Complaint, C.R. at 29-31.) Evans did not post bail at this time. (Criminal Docket, C.R. at 34.) These charges were dismissed on March 28, 2013; however, Evans was arrested while in custody on March 20, 2013 on new charges for drugs and criminal use of a communication facility. (Criminal Docket, C.R. at 35; Criminal Arrest and Disposition Report, C.R. at 47.)

The Board lifted its warrant on September 28, 2013, which was the maximum date of Evans' original sentence, and Evans posted bail related to the March 20, 2013 charges on September 30, 2013. (Order to Cancel Warrant to Commit and Detain, C.R. at 44; Criminal Docket, C.R. at 57.) On October 8, 2013, the Board declared Evans delinquent for control purposes effective August 27, 2012. (Administrative Action, C.R. at 45.) On November 5, 2013, Evans pled guilty to possession of a controlled substance and criminal use of a communication facility. (Criminal Docket, C.R. at 51.) On November 20, 2013, the Board re-

2

lodged its warrant to commit and detain Evans. (Warrant to Commit and Detain, November 20, 2013, C.R. at 46.) Therein, the Board noted that although Evans' maximum sentence date for his original sentence was September 28, 2013, his maximum sentence would be extended due to his new criminal conviction. (Warrant to Commit and Detain, November 20, 2013, C.R. at 46.) On January 16, 2014, Evans was sentenced by the trial court to 11.5 to 23 months in prison and two years of probation on the new November 5, 2013 criminal conviction. (Criminal Docket, C.R. at 51.)

By Board decision mailed March 3, 2014, Evans was "recommit[ed] to a state correctional institution as a convicted parole violator to serve 6 months, when available, pending parole or completion of [his] [January 16, 2014] Erie County sentence." (Notice of Board Decision, March 3, 2014, C.R. at 70.) By Board decision mailed July 8, 2014, the Board recalculated Evans' parole violation maximum date as July 28, 2015. (Notice of Board Decision, July 8, 2014, C.R. at 75.) In recalculating Evans' parole violation maximum date, the Board credited Evans for his time served exclusively under the Board's warrant from February 28, 2013 to March 21, 2013 and from November 20, 2013 to January 16, 2014, but did not credit Evans for his time at liberty on parole. (Hearing Report, C.R. at 64; Order to Recommit, C.R. at 73.)

On July 23, 2014, the Board received Evans' pro se Request for Administrative Relief challenging the recalculation of his parole violation maximum date and alleging that the Board improperly added one year, one month, and two days to his maximum sentence date. (Notice of Appeal, July 23, 2014,

3

C.R. at 76.) Evans filed a second "Request for an Administrative Appeal," received by the Board on August 6, 2014, which alleged that he did not receive credit for 213 days he spent incarcerated under a Board detainer between February 28, 2013 and September 28, 2013. (Request for Administrative Appeal, C.R. at 79-83.) By Decision/Order mailed November 25, 2014, the Board explained to Evans how his parole violation maximum date was calculated, affirmed its decision mailed July 8, 2014, and did not address Evans' second "Request for an Administrative Appeal" dated August 6, 2014.[2] (Board Decision/Order, November 25, 2014, C.R. at 85-86.)

On December 19, 2014, Evans, pro se, timely petitioned this Court for review of the Board's November 25, 2014 Decision/Order. In his Petition for Review, Evans requests that "the errors of the [Board] be corrected under the rule and circumstances of law-granting-proper and true relief." (Petition for Review at 6.) Specifically, Evans alleges that "[t]here are no statutory provisions . . . that authorizes (sic) the [Board] to change the maximum date of a sentence that was imposed by a court of law." (Petition for Review at 1.) Evans alleges that "[t]he fixing of the term of the sentence is exclusively a judicial function" and that he "may only be directed by the Board to complete the remainder of the existing judicially imposed sentence." (Petition for Review at 1-2.) Evans asserts that he is only responsible to serve the "the remainder from the time [his] delinquent conduct occurred from the un-expired period of the maximum sentence" and, here, the Board has "impose[d] back-time which exceeds the entire remaining balance of

_____

[2] The Board's regulations state that second or subsequent requests for administrative relief will not be received. 37 Pa. Code §73.1(b)(3).

4

[Evans'] un-expired term," which is "illegal and unethical by all involved." (Petition for Review at 2-4.) In turn, Evans alleges that the parole violation maximum date calculated by the Board on July 8, 2014 is improper, "forces [Evans] to serve the recomputed maximum date without due process of law," "encroaches on the judicial branch of government and their [sic] exclusive jurisdiction provided by the separation of power[s] doctrine" and "reverses . . . the finality of court orders." (Petition for Review at 3.) Finally, Evans states that the Board's extension of his maximum date has resulted in him being illegally detained and caused a "significant increase in punishment in violation of the cruel and unusual punishment clause and the double jeopardy clause of the U.S. Constitution . . . and the PA. Constitution Article 1, Section 10 and 13." (Petition for Review at 3.)

On March 27, 2015, Attorney Fryling filed a Petition to Withdraw, along with a no-merit letter, which is currently before us. In order to withdraw, counsel must first "send to the petitioner: (1) a copy of the 'no[-]merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel." Zerby v. Shanon, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). A no-merit letter must detail "the nature and extent of [counsel's] review and list [] each issue the petitioner wishe[s] to have raised, with counsel's explanation of why those issues [are] meritless." Commonwealth v. Turner, 544 A.2d 927, 928 (Pa. 1988).

> If counsel has not satisfied the technical requirements of a no-merit letter, then this Court will deny Counsel's request to withdraw and direct counsel to either file a renewed request with supporting documentation that complies with the technical requirements of a no-merit letter or an advocate's brief. However, if counsel has satisfied

5

> the technical requirements of a no-merit letter, then this Court will conduct its own independent review to determine whether the petition for review is, in fact, without merit.

Seilhamer v. Pennsylvania Board of Probation and Parole, 996 A.2d 40, 43-44 (Pa. Cmwlth. 2010) (citation omitted) (citing Zerby, 964 A.2d at 960). As further stated in Seilhamer, "[i]t is important to highlight that '[t]he purpose of . . . a no-merit letter is to ensure that court-appointed counsel has discharged his or her duty to carefully assess any claims available to an indigent appellant.'" Id. at 44 (quoting Presley v. Pennsylvania Board of Probation and Parole, 737 A.2d 858, 861-62 (Pa. Cmwlth. 1999)). The failure to fulfill this duty hinders the Court's independent review of the merits of the petitioner's appeal. Id.

Here, Attorney Fryling served Evans with a copy of the Petition to Withdraw and the no-merit letter, as directed by this Court, and advised Evans of his right to retain substitute counsel or file a pro se brief.[3] However, Attorney Fryling has not satisfied the technical requirements of a no-merit letter. Attorney Fryling states in the no-merit letter that Evans has raised the sole issue of "[w]hether the Board erred in moving Mr. Evans' parole violation maximum date to July 28, 2015 by failing to credit him for all time served on his parole violation detainer." (No-Merit Letter at 1.) Attorney Fryling's no-merit letter then explains how she believes the Board calculated Evans' new parole violation maximum date properly. However, Attorney Fryling does not address Evans' challenge to the Board's authority to recalculate his judicially imposed maximum sentence date in the first place or the constitutional issues raised by Evans. There is no mention in the no-

---

[3] Evans has not obtained substitute counsel or filed a pro se brief in support of the issues raised in his Petition for Review.

6

merit letter regarding why the Board's actions did not violate Evans' due process rights, do not constitute double jeopardy or cruel and unusual punishment, and do not violate the separation of powers doctrine between the judiciary and executive branch as Evans has asserted. We do recognize that Attorney Fryling advised Evans in the cover letter to her no-merit letter that she has concluded that "rais[ing] the issue of whether the double jeopardy and other related issues appl[ied] to [his] case would be frivolous;" however, she offers no explanation for her conclusion. (Letter from Attorney Fryling to Evans, March 27, 2015.) Because Attorney Fryling has not listed these issues and explained why they are frivolous in the no-merit letter, the technical requirements have not been met. Therefore, Attorney Fryling has not discharged her duty to carefully assess all the issues raised by Evans.

Accordingly, we must deny the Petition to Withdraw and, until such time as counsel complies with the technical requirements, we will not undertake an independent examination of the merits of Evans' Petition for Review. Thus, Attorney Fryling may file a new Petition to Withdraw or a brief on the merits within thirty days.

_____

**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

LaShawn Evans,                                  :
                                                :
                    Petitioner                  :
                                                :
          v.                                    :    No. 2300 C.D. 2014
                                                :
Pennsylvania Board of Probation                 :
and Parole,                                     :
                                                :
                    Respondent                  :

## O R D E R

**NOW**, August 5, 2015, the Petition for Leave to Withdraw as Counsel (Petition to Withdraw) filed by Tina M. Fryling, Esquire, Assistant Public Defender for Erie County, is **DENIED**, without prejudice, and counsel is directed to refile the Petition to Withdraw in accordance with the requirements of Commonwealth v. Turner, 544 A.2d 927, 928 (Pa. 1988), and Zerby v. Shanon, 964 A.2d 956, 960 (Pa. Cmwlth. 2009), **OR** file a brief in support of the Petition for Review filed on behalf of LaShawn Evans within thirty (30) days of this Order.

_____
**RENÉE COHN JUBELIRER, Judge**