# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman Collins,                           :
                        Petitioner        :
                                          :
              v.                          :     No. 1648 C.D. 2015
                                          :     Submitted:  April 22, 2016
Pennsylvania Board of Probation and       :
Parole,                                   :
                        Respondent        :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


<u>OPINION NOT REPORTED</u>


**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**              **FILED: July 26, 2016**

Emily Merski, Esquire (Counsel) of the Erie County Public Defender's Office requests that this Court grant her application for leave to withdraw as court-appointed counsel (Application to Withdraw) on behalf of Norman Collins. Collins, through Counsel, petitioned this Court for review of the May 15, 2015, Determination of the Pennsylvania Board of Probation and Parole (Board) affirming its April 9, 2015, Decision which:  (1) recommitted Collins to serve 30 months backtime as a convicted parole violator (CPV) in a State Correctional Institution (SCI); (2) recalculated Collins' reparole eligibility date as September 1, 2017; and (3) recalculated Collins' maximum date to May 29, 2020.  Appended to Counsel's Application to Withdraw is a no-merit letter in which Counsel asserts

that Collins' Petition for Review is without merit and is therefore frivolous. Because we conclude that Counsel has not sufficiently analyzed the issue Collins wishes to appeal or adequately reviewed the record, we deny Counsel's Application to Withdraw.

While on parole from his original sentence, Collins was charged and convicted of drug related offenses. (C.R. at 56.) In a decision mailed December 18, 2009, the Board issued an order to recommit Collins to an SCI to serve 24 months of backtime and recalculated his Max Date to February 7, 2017. (Notice of Board Decision, December 18, 2009, C.R. 37.) After completing his backtime and serving the sentence for his drug-related offense, Collins was released on parole on December 27, 2012. (Order to Release on Parole/Reparole, C.R. at 53.) On July 8, 2014, Collins was arrested and charged in Montgomery County with Driving Under the Influence of Alcohol (DUI).[1] (Court of Common Pleas of Montgomery County Criminal Docket No. CP-46-CR-0004980-2014 at 2, C.R. 64.) Collins posted bail that same day. (Id.) Two days later, on July 10, 2014, Collins was arrested and charged in Philadelphia County with robbery, burglary, possession of an instrument of crime, receiving stolen property, and other lesser offenses (Philadelphia Charges). (Court of Common Pleas of Philadelphia County Criminal Docket Nos. CP-51-CR-0009849-9858, C.R. 76-162.) Collins did not post bail on these charges. (Id.) Also on July 10, 2014, the Board issued a warrant to detain Collins pending disposition of the Philadelphia Charges. (Warrant to Commit and

---

[1] It appears from the Certified Record that the DUI for which Collins was arrested on July 8, 2014, occurred on March 8, 2014. (Supervision History at 2, C.R. at 57.) Collins' Supervision History indicates that a "Level Two Conference was held on 4-15-14 and it was decided to continue [Collins] under supervision, pending [Collins] continuing in outpatient counseling, weekly reporting schedule, and nightly curfew." (Id.) The Supervision History then states that Collins was arrested for this charge on July 8, 2014. (Id.)

Detain, July 10, 2014, C.R. at 54.) On October 9, 2014, Collins pled guilty to the DUI charge and was sentenced to six months of county probation. (Trial/Plea/Sentence Form, C.R. at 72-73.) On October 22, 2014, Collins pled guilty to the Philadelphia Charges and was sentenced to an aggregate 12.5-25 years imprisonment in an SCI. (C.R. at 88-90, 92.)

On January 15, 2015, Collins waived his right to a recommitment hearing and admitted to having been convicted of the Philadelphia Charges. (Waiver/Admission Form, C.R. at 167.) In the Decision mailed on April 9, 2015, the Board recommitted Collins to serve 30 months of backtime (effective March 1, 2015), recalculated his reparole eligibility date to September 1, 2017, and recalculated his maximum date to May 29, 2020. (Notice of Board Decision, April 9, 2015, C.R. at 187-88.)

In an Administrative Remedies Form filed in response to the April 9, 2015, Decision, Collins argued, pro se, that he was entitled to credit against his backtime for the period between October 22, 2014 (when he was sentenced) and March 1, 2015 (when the Board voted to recommit him). (Administrative Remedies Form, April 29, 2015, C.R. at 203-08.) Although Collins acknowledged that this Court's holding in Campbell v. Pennsylvania Board of Probation and Parole, 409 A.2d 980 (Pa. Cmwlth. 1980) was adverse to his position,[2] he maintained that Campbell was no longer applicable based on the enactment of Section 6138 of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6138, which requires, among other things, that a CPV, when housed in an SCI, to serve his or her backtime before

---

[2] In Campbell, we held that time served by a parolee in an SCI after the parolee's criminal conviction and prior to a decision by the Board to recommit must be credited towards the new criminal conviction. Campbell, 409 A.2d at 982.

3

serving the sentence for the subsequent offense. Collins argued that since he was convicted on October 22, 2014, and was imprisoned in an SCI, the Board was required to retroactively calculate his backtime from that date. (Memorandum in Support of Petition for Review (Collins' Memo) at 3-4, C.R. at 206-07.)

In response to Collins' Administrative Remedies Form, the Board affirmed its April 9, 2015, Decision. (Board Determination, May 15, 2015, C.R. at 210-11.) Although the Board acknowledged that Section 6138 of the Parole Code requires backtime to be served before the sentence for a new criminal conviction, it maintained that Collins was available to commence serving his backtime only after the Board voted to recommit him, which was on March 1, 2015. (Id. at 2, C.R. at 211.) Also contained in the Board's Determination was the following paragraph:

> Based on these facts, the Board did not give you any credit for the period you were incarcerated from December 13, 2013 to July 16, 2014 because you were being held on both the Board detainer and the new criminal charges during that period. Furthermore, the Board did not give you credit on your original sentence for the period you were incarcerated from July 16, 2014 to October 3, 2014 because the Board had not yet recommitted you as a convicted parole violator. The credit for this time frame will be calculated and credited by the Department of Corrections toward your new sentence. This means you still had 935 days remaining on your sentence.

(Id. at 1, C.R. at 210 (internal citation omitted).) The two incarcerations the Board references in this paragraph are not referenced elsewhere in the Certified Record. Moreover, earlier in its Determination, the Board stated that Collins had 1916 days remaining, not 935.[3]

---

[3] If Collins had 935 days remaining on March 1, 2015, then his maximum date would be September 21, 2017. If he had 1916 days remaining on March 1, 2015, his maximum date would be May 29, 2020. In its April 9, 2015, Decision, the Board states that Collins' maximum date is May 29, 2020. (Notice of Board Decision, April 9, 2015, C.R. at 188.)

4

After the Board issued the Determination at issue here, Collins was convicted and sentenced by the Court of Common Pleas of Montgomery County on June 9, 2015, to one-to-three years' imprisonment in an SCI for two counts of burglary, with credit for time served from July 9, 2014, through June 9, 2015.[4] (Trial/Plea/Sentence Order, C.R. at 191-92.) These charges had been pending since November 13, 2014, when the Norristown Police Department obtained an arrest warrant for Collins. (C.R. at 197-98.) Based upon these charges, the Board convened another revocation hearing. (Notice of Charges and Hearing, C.R. at 198.) The Certified Record does not contain information regarding the outcome of this hearing.

On October 27, 2015, Counsel, on behalf of Collins, submitted in this Court a Petition for Review challenging the Board's April 9, 2015, Decision and May 15, 2015, Determination. (Petition for Review at 1.) The Petition for Review included: (1) a statement of this Court's jurisdiction; (2) the identity of the parties to the Petition for Review; (3) the Board's Determination of which review was sought; and (4) a request that this Court "review the [Board's] recalculation of [Collins'] Max Date . . . and reparole eligibility date . . . ." (Id.) Counsel now seeks to withdraw.

In order to withdraw an appearance, appointed counsel must submit a letter which meets the technical requirements of a no-merit or Turner[5] letter. Zerby v. Shanon, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citing Com. v. Wrecks, 931 A.2d 717, 720-21 (Pa. Super. 2007)). In Turner, our Supreme Court stated that, in order to withdraw an appearance, court-appointed counsel must submit to the court and

---

[4] These charges are apparently unrelated to the Philadelphia Charges.
[5] Com. v. Turner, 544 A.2d 927, 928 (Pa. 1988).

to his or her client a no-merit letter in which counsel: (1) "detail[s] the nature and extent of [counsel's] review"; (2) identifies "each issue the [client] wished to have raised"; and (3) explains why the issues are meritless. Com. v. Turner, 544 A.2d 927, 928 (Pa. 1988). Counsel is required to serve this letter and counsel's application to withdraw on his or her client, and is further required to inform his or her client of the right to proceed pro se or through privately retained counsel. Zerby, 964 A.2d at 960 (internal quotation omitted). "[A] no-merit letter must substantively address each of the petitioner's arguments, rather than baldly stating that the claims are without merit." Hughes v. Pa. Bd. of Prob. and Parole, 977 A.2d 19, 25 (Pa. Cmwlth. 2009) (citing Hill v. Pa. Bd. of Prob. and Parole, 707 A.2d 1214, 1215-16 (Pa. Cmwlth. 1998)). The purpose of a Turner letter is to (1) "ensure that court-appointed counsel has discharged his or her duty to *carefully assess any claims available* to an indigent appellant," and (2) to enable "our independent examination of the merits of the appeal." Presley v. Pa. Bd. of Prob. and Parole, 737 A.2d 858, 861-62 (Pa. Cmwlth. 1999) (emphasis added). Only if Counsel's no-merit letter satisfies all the technical requirements of a Turner letter, will we then conduct an independent review of the merits of the Petition for Review to determine if it lacks merit. Zerby, 964 A.2d at 960. If Counsel's no-merit letter does not satisfy the technical requirements of Turner, we will deny Counsel's request and direct Counsel to either file a no-merit letter that complies with Turner, or submit a brief on the merits of Collins' Petition for Review. Id.

Initially, we note that Counsel has met the notice requirements of a Turner letter. Appended to Counsel's Application to Withdraw is a letter from Counsel to Collins which states, in pertinent part, "I am obligated to advise you of your right to find or retain new counsel or to act on your own behalf to raise any points or

6

arguments with the Commonwealth Court that you feel it should consider in your case." (Letter from Counsel to Collins, December 30, 2015.) Also included with Counsel's Application to Withdraw are two proofs of service which show that Collins was served with a copy of Counsel's Application and her no-merit letter. Accordingly, we conclude that Counsel has satisfied the notice requirements of a Turner letter.

We turn now to the substance of Counsel's no-merit letter. In the argument section of her no-merit letter, Counsel provides a brief statement regarding our scope of review, and then states:

> Petitioner claims that the Board denied him credit from October 22, 2014 until March 1, 2015. . . . .
>
> The Commonwealth Court recognizes:
>
>> If a parolee is recommitted, he must serve the remainder of the term which he would have been required to serve had he not been paroled, and he "shall be given no credit for the time at liberty on parole."
>>
>> The phrase "at liberty on parole" is not defined in the Act. Our Supreme Court has explained that "at liberty on parole" does not mean that a parolee must be actually "free" of restraint. To the contrary, a parolee can be considered "at liberty" even while in prison, so long as the parolee is not in prison for the purpose of serving his original sentence.
>>
>> By the *Hines* [*v. Pennsylvania Board of Probation and Parole*, 420 A.2d 381, 383 n.2 (Pa. 1980),] logic, it is not the prison or its rules that determines "at liberty" but, rather, the status of being "on parole." A parolee in prison for an arrest on a new criminal act is technically still "at liberty" so long as his parole on the original sentence is not revoked.

7

> **Harden v. Pennsylvania Bd. of Probation and Parole**, 980 A.2d 691, 696-697 (Pa. Commw. Ct. [sic] 2009) (internal citations omitted).

> This complaint is without merit.

(No-Merit Letter at 3 (emphasis in original).)

Counsel is correct that Collins wishes to raise the issue of whether the period between October 22, 2014, and March 1, 2015, should be credited against his backtime as opposed to against his new sentence. However, Counsel does not explain the pertinence of Harden to that issue. Harden concerned the issue of credit for time spent in half-way houses with prison-like rules and conditions. Harden, 980 A.2d at 699. We see no suggestion in this record that Collins was not imprisoned during the period at issue. Because Harden dealt with whether the Board was required to give credit in the first instance, not how sentence credit should be allocated, its relevance to this case is unexplained by Counsel. Counsel's statement that "[t]his complaint is without merit" does not substantively address the issue Collins wishes to raise on appeal. Hughes, 977 A.2d at 25.

Moreover, based upon our reading of Counsel's letter and our review of the record, we question whether Counsel has "carefully assess[ed] any claims available" to Collins, Presley, 737 A.2d at 862, and conducted a detailed review of the record, Turner, 544 A.2d 928. As noted above, the Board, in its response to Collins' Administrative Remedies Form, references two periods of incarceration which are not elsewhere noted in the certified record, and uses a different number for how many days remain on Collins' original sentence. (Board Determination at 1, C.R. at 210.) In addition, Counsel does not reference Collins' subsequent criminal conviction, occurring after the Board's Determination, in Montgomery County in which the sentencing order suggests that Collins was to receive credit

8

for the period between July 9, 2014, and June 9, 2015. Part of this period is the period for which Collins claims that he received no credit and, therefore, should be considered part of his backtime. (Collins' Memo at 3.)[6] Counsel does not mention these issues in her no-merit letter.

To summarize, Counsel has not adequately analyzed the argument Collins wishes to raise to this Court or thoroughly reviewed the record, as required by Turner. Since Counsel has not satisfied two of the technical requirements of Turner, we do not reach the merits of Collins' Petition for Review. Therefore, we must deny Counsel's Application to Withdraw, without prejudice, and grant Counsel thirty days from the date of the accompanying Order to either file a renewed application to withdraw, along with an amended no-merit letter, or a brief on the merits of Collins' Petition for Review.

_____
**RENÉE COHN JUBELIRER,** Judge

---

[6] Collins' Memo states: "the time spent in custody in the instant matter, not credited to the new offense, must be credited to the original sentence." (Collins' Memo at 3.)

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman Collins,                          :
                    Petitioner           :
                                         :
          v.                             :    No. 1648 C.D. 2015
                                         :
Pennsylvania Board of Probation and      :
Parole,                                  :
                    Respondent           :

# **O R D E R**

**NOW**, July 26, 2016, the application for withdrawal of appearance filed by Emily Merski, Esquire (Counsel) is hereby **DENIED**, without prejudice. Counsel is granted thirty (30) days from the date of this Order to either file a renewed application to withdraw, along with an amended no-merit letter, or submit a brief on the merits of Norman Collins' Petition for Review.

 

 

 
                             _____

                               **RENÉE COHN JUBELIRER,** Judge