# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman Shelton,                          :
                    Petitioner           :
                                         :
        v.                               :  No. 1199 C.D. 2018
                                         :  SUBMITTED:  May 10, 2019
Pennsylvania Board of                    :
Probation and Parole,                    :
                    Respondent           :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED:  July 23, 2019


Norman Shelton (Shelton), an inmate at a state correctional institution (SCI), petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that affirmed dismissal of his administrative appeal.  Shelton contends the Board failed to hold a timely revocation hearing concerning his recommitment as a convicted parole violator (CPV).

Also before us is the petition of David Crowley, Esquire, Chief Public Defender of Centre County (Counsel), to withdraw as counsel for Shelton[1] on the ground that the petition for review is frivolous.

After thorough review, we grant Counsel's petition to withdraw, and we affirm the Board's order.

---

[1] Shelton's right to counsel arose under Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

## I. Background

In June 1982, Shelton was sentenced to serve 7½ to 30 years in state prison for robbery and criminal conspiracy convictions. He was released on parole in April 1992. At that time, his maximum sentence date was June 21, 2012.

In September 1992, Shelton was rearrested on federal charges of armed bank robbery and several other related offenses. The Board issued a warrant to commit and detain Shelton the next day. He never posted bond, and he remained in federal custody thereafter.

In January 1993, while Shelton was still in federal custody, the Board issued a decision detaining him for parole violations, pending disposition of the federal criminal charges. In July 1993, Shelton was convicted on the federal charges and sentenced to 322 months in federal prison plus 5 years of supervision.

In April 1995, the Board issued a new warrant for detainer at the federal penitentiary. In June 1995, Shelton requested that the Board schedule his revocation hearing. The Board refused to do so, stating it was deferring a decision on parole revocation matters until Shelton finished serving his federal sentence.

In December 1999, Shelton complained to the Board that he was suffering adverse effects in federal prison by reason of the Board's detainer. He again asked the Board for a revocation hearing concerning his parole violations. The Board responded that he was required to serve his new federal sentence before serving any backtime owed on his state court sentence.

In January 2015, Shelton once again requested disposition of his parole violations by the Board. The Board responded that those violations would be addressed once he was returned to state custody.

The Board acquired custody of Shelton and returned him to an SCI on April 14, 2017, upon his completion of his federal sentence. A revocation hearing was

held July 24, 2017. In a decision issued in October 2017, the Board revoked Shelton's parole and also recommitted him to serve 24 months of backtime as a CPV. As a result, his maximum sentence date changed from June 21, 2012 to June 21, 2037.

Shelton timely appealed. The Board affirmed its decision. Shelton then filed a petition for review in this Court.

After being appointed to represent Shelton in his petition for review, Counsel filed a petition to withdraw, supported by a brief pursuant to *Anders v. State of California*, 386 U.S. 738 (1967). This Court issued an order directing disposition of the petition to withdraw along with the merits of the petition for review.

## II. Issues

The sole issue raised by Shelton on review by this Court[2] is his contention that the Board failed to hold a revocation hearing within 120 days of Shelton's July 1993 federal convictions, as he asserts was required by 37 Pa. Code § 71.4(a).[3] Citing *Taylor v. Pennsylvania Board of Probation and Parole*, 931 A.2d 114 (Pa. Cmwlth. 2007), Shelton asserts that as a consequence, the Board's revocation order and parole violation charges must be dismissed with prejudice.

In his petition to withdraw, Counsel analyzed Shelton's argument and concluded there was no basis upon which Counsel could reasonably make an argument in support of granting Shelton's requested relief.

---

[2] "Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the decision is in accordance with the law, or whether necessary findings are supported by substantial evidence." *Kerak v. Pa. Bd. of Prob. & Parole*, 153 A.3d 1134, 1137 n.9 (Pa. Cmwlth. 2016).

[3] The Pennsylvania Code contains no such section; presumably Shelton refers to 37 Pa. Code § 71.4(1), which requires a revocation hearing within 120 days after the Board receives official verification of a guilty verdict, subject to enumerated exceptions.

3

## III. Discussion

## A. Petition to Withdraw

An indigent inmate's right to assistance of counsel does not entitle him to representation by appointed counsel to prosecute a frivolous appeal. *Presley v. Pa. Bd. of Prob. & Parole*, 737 A.2d 858 (Pa. Cmwlth. 1999). Therefore, court-appointed counsel may seek to withdraw if, after a thorough review of the record, counsel concludes the appeal is wholly frivolous. *Id.* An appeal is wholly frivolous when it completely lacks factual or legal reasons that might arguably support the appeal. *Id.*

Here, Counsel has filed a petition to withdraw and a supporting *Anders* brief explaining why Shelton's appeal is without any arguable merit. Before granting such a petition to withdraw, this Court must first determine that counsel has notified the inmate of the petition, provided the inmate with a copy of the supporting *Anders* brief, and advised the inmate of his right to retain new counsel or file a brief himself. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66 (Pa. Cmwlth. 2013). If counsel has complied with these requirements, this Court will review the merits of the inmate's claims independently, and if we agree that the petition for review is meritless, counsel will be permitted to withdraw. *Adams v. Pa. Bd. of Prob. & Parole*, 885 A.2d 1121 (Pa. Cmwlth. 2005).

## 1. Procedural Requirements for Withdrawal

The record indicates Counsel served Shelton with a copy of the petition to withdraw and a copy of the *Anders* brief and advised Shelton to provide this Court with any additional reasons in support of his petition for review. This Court issued an order directing Shelton to obtain substitute counsel at his own expense or file a

brief in support of his petition for review.[4] Counsel promptly served Shelton with a copy of that order. We therefore find the procedural requirements for withdrawal have been satisfied. *See Dill v. Pa. Bd. of Prob. & Parole*, 186 A.3d 1040 (Pa. Cmwlth. 2018).

### 2. Sufficiency of *Anders* Brief

Our review of Counsel's *Anders* brief reveals that it adequately details Counsel's review of the record and the issue raised by Shelton. Further, it adequately explains the reasons for Counsel's conclusion that the petition for review lacks any arguable basis. Thus, Counsel's *Anders* brief is sufficient to allow review by this Court. Accordingly, we will independently review the merits of Shelton's petition for review.

### B. Timeliness of the Board's Revocation Hearing

When a parolee challenges the timeliness of a revocation hearing, the Board has the burden to prove by a preponderance of the evidence that it held a timely hearing. *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021 (Pa. Cmwlth. 2017). A revocation hearing is timely if, not counting periods of time not chargeable to the Board, the hearing is held within 120 days after the preliminary parole hearing, the official verification of the new conviction, or the offender's return to an SCI. *Koehler v. Pa. Bd. of Prob. & Parole*, 935 A.2d 44 (Pa. Cmwlth. 2007); *see* 37 Pa. Code § 71.4(1). Periods not chargeable to the Board include those when an offender is detained in a federal prison. *Koehler*; *see* 37 Pa. Code § 71.5(a), (c)(1), (e).

Here, Shelton was in federal prison until he was returned to Board custody on April 14, 2017. The 120-day time period for the revocation hearing therefore expired

---

[4] Shelton filed as his brief a copy of his petition for review.

on August 12, 2017. The Board held Shelton's revocation hearing on July 24, 2017. Accordingly, the hearing was facially timely. *See Dill*.

However, Shelton argues that under Section 6138(a)(5.1) of the Prisons and Parole Code,[5] 61 Pa. C.S. § 6138(a)(5.1), he should have served the remainder of his state court sentence, including any backtime, before serving the federal sentence. Therefore, he contends the Board was required to hold a revocation hearing within 120 days of his 1993 conviction in federal court. We discern no arguable merit in this argument.

Shelton was convicted on the federal charges in 1993. At that time, applicable law, commonly known as the Parole Act, required service of new federal sentences before service of the remainder of a prior state sentence, including backtime. *See* Section 21.1 of the former Parole Act, *former* 61 P.S. § 331.21a(a)[6]; *Dill*.

Section 6138(a)(5.1), on which Shelton relies, was not added to the Prisons and Parole Code until October 2010.[7] It is not applicable to sentences imposed before that time. *Dill*. Accordingly, we find no arguable merit in Shelton's contention that he should have served the remainder of his state sentence before serving his federal sentence.

Moreover, 37 Pa. Code § 71.4(1)(i) provides that where a parolee is confined in a federal prison, the revocation hearing is to be held within 120 days of official verification of the parolee's return to state custody. This Court has specifically

---

[5] 61 Pa. C.S. §§ 101-6309.

[6] Act of August 6, 1941, P.L. 861, *as amended*, added by the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a). The Parole Act was superseded in 2009 by the Prisons and Parole Code, Act of August 11, 2009, P.L. 147, 61 Pa. C.S. §§ 101-6309.

[7] *See* Act of October 27, 2010, P.L. 931.

6

found that regulation applicable notwithstanding the 2010 enactment of Section 6138(a)(5.1). *See*, *e.g.*, *Dill*; *Brown*.

Notably, in *Brown*, we expressly distinguished *Fumea v. Pennsylvania Board of Probation and Parole*, 147 A.3d 610 (Pa. Cmwlth. 2016), on which Shelton relies. In *Fumea*, a parolee was arrested by federal authorities, but was free on bond until his sentencing after being convicted on the federal charges. In addition, a Board agent was present at the sentencing. Despite the parolee's availability, the Board never took custody of him. In that specific circumstance, a revocation hearing held after completion of the federal sentence was untimely.

Here, as in *Brown*, the parolee never made bond, so he remained in federal custody at all times after his arrest. In this circumstance, the Board had no means of gaining custody in order to hold a revocation hearing until after completion of the federal sentence. *Brown; see also Dill*.

Accordingly, consistent with this Court's holdings in *Brown* and *Dill*, as long as Shelton was in federal custody, the Board's duty to hold a revocation hearing was deferred until he was returned to state custody. For this reason as well as the inapplicability of Section 6138(a)(5.1), Shelton's argument lacks any possible merit.

## IV. Conclusion

Based on our independent review, we agree with Counsel that Shelton's petition for review lacks any arguable merit. Therefore, we grant the petition to withdraw, and we affirm the Board's revocation and recommitment order.

_____
ELLEN CEISLER, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman Shelton,                     :
                 Petitioner         :
                                    :
        v.                          :   No. 1199 C.D. 2018
                                    :
Pennsylvania Board of               :
Probation and Parole,               :
                 Respondent         :

# **O R D E R**

AND NOW, this 23rd day of July, 2019, the petition of David Crowley, Esquire to withdraw as counsel is GRANTED, and the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
ELLEN CEISLER, Judge