IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Juban L. Durham,                          :
                  Petitioner           :
                                  :
        v.                               :   No. 1690 C.D. 2019
                                  :   SUBMITTED: August 7, 2020
Pennsylvania Board of                     :
Probation and Parole,                     :
                  Respondent           :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED: October 13, 2020

      Juban L. Durham (Durham), an inmate at a state correctional institution, petitions for review of a decision of the Pennsylvania Board of Probation and Parole[1] (Board) that denied his administrative appeal challenging the recalculation of his maximum sentence date.  Also before us is the petition of Susan Ritz Harper, Esquire, Chief Public Defender of Fayette County (Counsel), to withdraw as counsel on the ground that the petition for review is frivolous.  After thorough review, we grant Counsel's petition to withdraw, and we affirm the Board's order.

## I. Background

      In June 2014, Durham received two criminal sentences (original sentence). The first was a sentence of 3 years and 4 months to 10 years of incarceration, with a minimum parole date of October 5, 2017, and a maximum sentence date of June 5,

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

2024. Certified Record (C.R.) at 2. The second was a sentence of 2 years and 3 months to 11 years of incarceration, with a minimum parole date of September 27, 2014, and a maximum sentence date of June 27, 2025. *Id.* Thus, his controlling minimum parole date was October 5, 2017, and his maximum sentence date was June 27, 2025. *Id.* at 2.

In October 2017, Durham was released on parole. *Id.* at 7. In February 2018, he was arrested on several new criminal charges. *Id.* at 11-14. The Board immediately issued a warrant to commit and detain Durham for possible parole violations, based on his arrest on the new criminal charges. *Id.* at 15.

On April 17, 2018, Durham posted bail in relation to the new criminal charges. *Id.* at 34. He remained in custody thereafter solely on the Board's detainer until September 6, 2018, when he was sentenced on the new criminal charges pursuant to a plea bargain. *Id.* at 36.

On February 20, 2019, the Board voted to recommit Durham to serve nine months of backtime as a convicted parole violator, based on his convictions on the new criminal charges. *Id.* at 41, 53-55. In its recommitment order issued in March 2019, the Board recalculated Durham's maximum sentence date on his original sentence as February 16, 2026. *Id.* at 53, 55. In making that computation, the Board awarded Durham 142 days of credit against his original sentence for the period between April 17, 2018, and September 6, 2018, when Durham was in custody solely on the Board's detainer prior to sentencing for his convictions on the new criminal charges.[2] *Id.* The Board also ordered that Durham was not eligible for reparole on his original sentence until June 30, 2019. *Id.* at 55.

---

[2] The Board also exercised its discretion and did not forfeit any credit toward his original sentence for the time Durham spent at liberty on parole from October 2017 until his arrest on the **(Footnote continued on next page…)**

On March 21, 2019, Durham filed an administrative remedy request with the Board, challenging his minimum reparole eligibility date of June 30, 2019.[3] *Id.* at 57. Durham asserted that he should have begun receiving credit on his original sentence on April 17, 2018, the date he posted bail on the new criminal charges and remained in custody solely on the Board's detainer, rather than September 6, 2018, when he was sentenced on the new criminal charges. *Id.*

On November 7, 2019, the Board issued its decision affirming the recalculation of Durham's maximum sentence date. *Id.* at 61-62. The Board explained that it had given him credit against his original sentence for the 142-day period between when he posted bail on April 17, 2018, and when he was sentenced on the new charges on September 6, 2018. *Id.* at 61. Further, the Board explained that after his new sentencing, Durham did not become available to begin serving the remainder of his original sentence until February 20, 2019, when the Board officially voted to recommit him as a convicted parole violator and imposed nine months of backtime. *Id.* However, although the Board described how it recalculated the maximum sentence date, it did not specifically address Durham's challenge to its recalculation of his minimum reparole date. *See id*. at 61-62.[4]

---

new criminal charges in February 2018. C.R. at 53-55. Sentence credit for that period is not at issue here.

[3] In October 2019, having received no response from the Board to his request for administrative relief, Durham sent a request inquiring on the status of his administrative remedy request, which the Board deemed a duplicative request for an administrative remedy. C.R. at 59, 61. Durham does not challenge the Board's determination in that regard.

[4] The Board also assured Durham that "[a]ny custodial credit not applied to [the] original sentence will be allocated to [the] new state term upon commencement of that term." C.R. at 61-62.

Durham then sought review in this Court. In his petition for review, Durham repeated his assertion that his nine months of backtime should have begun to run from April 17, 2018, the day he posted bail on his new criminal charges, rather than September 6, 2018, the day he was sentenced on the new criminal charges. Pet. for Review, ¶ 6a; *see also* C.R. at 57. Durham suggested that the Board incorrectly credited the period between April 17, 2018, and September 6, 2018, toward his new sentence rather than his original sentence. Pet. for Review, ¶ 6b.

Counsel was appointed to represent Durham before this Court. Thereafter, Counsel filed a request to withdraw, along with a no-merit letter[5] in which she explained her reasons for concluding that the petition for review lacked any legal merit. Counsel provided Durham with copies of the petition to withdraw and the no-merit letter and advised him of his right to seek new counsel or bring additional issues to this Court's attention on his own.

This Court issued an order indicating it would consider the petition to withdraw along with the merits of the petition for review. The order also allowed Durham 30 days from service of the order to obtain new counsel and have that counsel file a brief in support of the petition for review, or alternatively, to file a brief on his own behalf. The record indicates Counsel certified having served a copy of the order on Durham.

No new counsel entered an appearance for Durham. Neither new counsel nor Durham filed a brief in support of the petition for review.[6]

---

[5] The requirements relating to no-merit letters under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), by counsel seeking withdrawal are discussed below.

[6] The Board likewise filed no brief.

## II. Issues

In his petition for review, Durham asserts that the Board incorrectly recalculated his maximum sentence date. He contends his nine months of backtime should have begun to run from April 17, 2018, the day he posted bail on his new criminal charges. Pet. for Review, ¶ 6a; *see also* C.R. at 57. Durham posits that the Board erroneously credited the period between April 17, 2018, and his new sentence date of September 6, 2018, toward his new sentence rather than his original sentence. Pet. for Review, ¶ 6b. Although the petition for review does not expressly mention the new minimum sentencing date of June 30, 2019, that issue is fairly subsumed within the scope of Durham's challenge to the beginning date for service of his backtime.

## III. Discussion

## A. Request to Withdraw

In her petition to withdraw, Counsel analyzed the Board's recalculation of Durham's maximum sentencing date and concluded Durham's challenge to that calculation was without merit. Before reviewing the merits of Durham's appeal,[7] we must decide whether Counsel should be permitted to withdraw.

An indigent parolee's right to assistance of counsel does not entitle the parolee to representation by appointed counsel to prosecute a frivolous appeal. *Presley v. Pa. Bd. of Prob. & Parole*, 737 A.2d 858 (Pa. Cmwlth. 1999). Consequently, court-appointed counsel may seek to withdraw if, after a thorough review of the record, counsel concludes the appeal is wholly frivolous. *Id.* An appeal is wholly frivolous

---

[7] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66 (Pa. Cmwlth. 2013).

5

when it completely lacks factual or legal reasons that might arguably support the appeal. *Id.*

Under our Supreme Court's holding in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), court-appointed counsel seeking withdrawal adequately protects a petitioner's rights where she presents a no-merit letter detailing the nature and extent of her review, listing each issue the petitioner wished to have raised, and explaining why those issues are meritless. If this Court, after its own independent review, agrees with counsel that the petition is meritless, counsel will be permitted to withdraw. *Id.*; *Adams v. Pa. Bd. of Prob. & Parole*, 885 A.2d 1121 (Pa. Cmwlth. 2005).

## 1. Technical Requirements for Withdrawal

First, Counsel must satisfy the technical requirements set forth in *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985). Pursuant to *Craig*, Counsel must notify the parolee of her request to withdraw, furnish the parolee a copy of a no-merit letter in compliance with *Turner*, and advise the parolee of his right to retain new counsel or raise any points he may deem worthy of consideration. *See Adams*.

Here, Counsel provided Durham with a copy of her no-merit letter and informed him of his right to seek new counsel or file his own brief. Upon Counsel's filing of her no-merit letter, this Court issued an order likewise notifying Durham of his right to retain new counsel or file a brief on his own behalf. Counsel promptly served Durham with a copy of the order. Accordingly, Counsel complied with the technical requirements set forth in *Craig*. *Smith v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 724 C.D. 2016, filed March 3, 2017), 2017 Pa. Commw. Unpub.

LEXIS 143 (unreported)[8] (by serving copy of court's order, counsel notified petitioner of right to seek new counsel or file brief on his own behalf); *see also Adams*.

## 2. Sufficiency of Counsel's Analysis

Next, we consider whether Counsel engaged in a sufficient review, addressed the issue Durham wished to have raised, and explained why that issue was meritless. In her petition to withdraw and no-merit letter, Counsel essentially echoed the Board's analysis, addressing the Board's recalculation of Durham's maximum sentence date and explaining, albeit briefly, why Durham's challenge to the Board's reasoning was meritless.

Counsel, like the Board, did not address the Board's calculation of sentence credit specifically as it related to Durham's challenge to the Board's recalculation of his minimum parole date. Nonetheless, because sentence credits reduce both minimum and maximum dates, Counsel's analysis was equally applicable to calculating Durham's minimum parole date as to his maximum sentence date. Moreover, it is important to note that Durham himself did not explicitly raise the recalculation of his minimum parole date in his petition for review, although it was fairly subsumed in his overall challenge to the Board's sentence credit for the period of Durham's custody on the Board detainer. We therefore conclude that Counsel's no-merit letter was sufficiently detailed. *Accord Seawright v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1872 C.D. 2009, filed June 21, 2010), 2010 Pa. Commw. Unpub. LEXIS 382, at *8 (unreported) (counsel's no-merit letter was adequate without lengthy discussion of issue raised only cursorily by petitioner).

---

[8] We cite unreported decisions of this Court as persuasive authority pursuant to 210 Pa. Code §69.414(a).

Our review of the record in conjunction with Counsel's analysis provides this Court with a sufficient basis to consider and dispose of the issues Durham raised in the petition for review. Accordingly, we proceed to a separate consideration of Durham's arguments.

### 3. Independent Review

After careful review of the record, we find that Counsel's analysis, while facially limited to recalculation of Durham's maximum sentence date, is equally correct as applied to recalculation of his minimum parole date. We conclude Durham's petition for review lacks factual or legal reasons that might arguably support it. Specifically, in recalculating his maximum sentence date, and therefore also in recalculating his new minimum parole date, the Board correctly credited the time Durham spent in custody between April 17, 2018, and September 6, 2018, to his original sentence, not to his new sentence as he contends. *See Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980) (when parolee posts bail on new criminal charges and remains in custody solely on the Board's detainer, that custodial period applies to the original sentence).

The Board explained that it gave Durham 142 days of credit toward his original sentence for the period when he was in custody solely on the Board's detainer prior to sentencing on his convictions of the new criminal offenses. C.R. at 61. The Board also explained that after sentencing, Durham did not resume serving his backtime until the Board officially voted to recommit him on February 20, 2019. *Id.*; *Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980) (service of his back time on original sentence must be computed from date of recommitment). As a result, Durham did not complete service of his nine months of backtime so as to be eligible for reparole on the original sentence until June 30, 2019

(the period from February 20, 2019, to June 30, 2019, added to the previous presentence credit of 142 days).[9]  As the Board explained, the time between the September 6, 2018 sentencing on the new charges and the Board's February 20, 2019 recommitment vote is credited toward Durham's *new* sentence.  *See* C.R. at 61.

Counsel complied with all technical and substantive requirements for requesting withdrawal.  After careful independent review, this Court agrees the petition for review is frivolous.  Accordingly, we grant the petition to withdraw.

### B. Disposition of Petition for Review

As discussed above, following our independent review of the record and applicable law, we agree with Counsel that Durham's petition for review has no merit.  Because we conclude the petition for review completely lacks factual or legal reasons that might arguably support an appeal, we find the petition for review is wholly frivolous.  We therefore affirm the Board's denial of Durham's request for administrative relief.

---

[9] We note two minor discrepancies in the Board's recalculation of Durham's maximum sentence date.  However, they do not affect our disposition of Durham's petition for review.

First, the Board calculated the time remaining on Durham's original sentence between February 9, 2018 (the day the Board lodged its detainer following Durham's arrest on the new criminal charges), and June 27, 2025 (his original maximum sentence date), as a total of 2694 days.  C.R. at 61.  Our calculation reveals a total of 2695 days actually remained.

Second, the Board correctly calculated Durham's 142 days of pre-sentence credit for the period from April 17, 2018 (when he posted bail on the new criminal charges but remained in custody solely on the Board's detainer), to September 6, 2018 (when he was sentenced following his guilty pleas to the new charges).  *See id.*  However, the Board then subtracted the 142 days of credit from the 2694 days it had previously calculated as remaining on his original sentence, and concluded that 2553 days remained on Durham's original sentence.  *Id.*  This was an arithmetical error, as 2694 minus 142 equals 2552, not 2553.

Nonetheless, taking the Board's earlier calculation error into account, Durham actually had 2695 days remaining on his original maximum sentence before deducting his pre-sentence credit.  Subtracting 142 days from 2695 days, Durham had 2553 days remaining on his original sentence.  Thus, the Board reached the correct total.  Accordingly, we find the Board's two calculation errors cancelled each other out, rendering those errors harmless.

9

## IV. Conclusion

Based on the foregoing discussion, we agree with Counsel that Durham's petition for review has no merit and is therefore frivolous. We therefore affirm the order of the Board. We also grant Counsel's withdrawal request.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Juban L. Durham,  :
           Petitioner  :
  :
  v.  :  No. 1690 C.D. 2019
  :
Pennsylvania Board of  :
Probation and Parole,  :
           Respondent  :

## **O R D E R**

AND NOW, this 13th day of October, 2020, we GRANT Susan Ritz Harper, Esquire's petition to withdraw as counsel. We AFFIRM the order of the Pennsylvania Board of Probation and Parole.

_____
ELLEN CEISLER, Judge