**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Joseph Merritt,                          :
                              Petitioner      :
                                               :
        v.                                :    No. 474 C.D. 2018
                                               :    Submitted: November 2, 2018
Pennsylvania Board of Probation          :
and Parole,                               :
                              Respondent      :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: January 7, 2019**

Joseph Merritt (Merritt), an inmate at a state correctional institution, petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that affirmed the dismissal of his administrative appeal as premature. Also before us is the petition of David Crowley, Esquire, Chief Public Defender of Centre County (Counsel), to withdraw as counsel on the ground that the petition for review is frivolous. For the reasons that follow, we grant Counsel's petition to withdraw, and we affirm the Board's order.

## I. Background

Merritt was released on parole on September 15, 2014. At that time his maximum release date was March 14, 2018 (original sentence). On January 20, 2016, the Board designated Merritt delinquent and charged him with two technical parole violations.

On April 15, 2016, Merritt was arrested. On that date and various dates thereafter, Merritt was charged with a number of new criminal offenses committed from January to April 2016 in multiple counties in southeastern Pennsylvania and New Jersey. He was unable to post bail. By decision in May 2016, in light of his period of delinquency from January 20 to April 15, 2016, the Board recalculated Merritt's maximum parole date as June 8, 2018. The Board also ordered Merritt to serve six months of backtime as a technical parole violator (TPV), subject to change upon conviction of the pending criminal charges.

In a series of plea bargains in Chester, Delaware, and Montgomery Counties, Merritt pleaded guilty to a number of felony and misdemeanor offenses (New Convictions).[1] In September 2016, following the plea bargain in Chester County, the Board amended its May 2016 decision. The Board recommitted Merritt for 30 months as a convicted parole violator (CPV) in relation to the New Convictions in Chester County. In January 2017, following the plea bargain in Delaware County, the Board recommitted Merritt for 24 months as a CPV in relation to the New Convictions in Delaware County, to run concurrently with the backtime imposed under the September 2016 decision. In September 2017, following the plea bargain in Montgomery County, the Board recommitted Merritt for six months as a CPV in relation to the New Convictions in Montgomery County, to run concurrently with the backtime previously imposed under the September 2016 and January 2017 decisions. Thus, because the backtime imposed under all three decisions was to run

_____

[1] During the same time period, Merritt was also charged with criminal offenses in Philadelphia County, and he was charged with and convicted of offenses in Mercer County, New Jersey. The Board took no action concerning those additional charges and convictions.

concurrently, the total backtime to be served in relation to the New Convictions was 30 months.

In February 2017, after receiving the Board's January 2017 decision related to the New Convictions in Delaware County, Merritt filed a request with the Board for administrative relief, raising three issues. First, Merritt alleged the Board erred by imposing 30 months of backtime, in that it applied the 6 months of backtime as a TPV consecutively with the 24 months imposed in January 2017, although the January 2017 decision directed the time would run concurrently. Second, Merritt asserted the Board deviated from the presumptive range in assessing backtime. His third argument, although not clear, appeared to contend the Board should have credited his time served in custody without bail against the backtime assessed.

More than a year later, in a March 2018 decision, the Board observed that its January 2017 decision did not establish Merritt's recalculated maximum sentence date. The Board therefore dismissed Merritt's request for administrative relief as premature. Counsel, court-appointed to represent Merritt,[2] filed a petition for review on Merritt's behalf in this Court concerning the Board's March 2018 decision.

In May 2018, the Board issued an order referencing its prior decisions imposing backtime, declining to award credit for time Merritt spent at liberty on parole, stating a new minimum parole date of March 18, 2019, and stating a new

---

[2] Merritt's right to counsel arose under Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, as amended, 16 P.S. §9960.6(a)(10).

maximum parole violation date of November 26, 2019. <u>Merritt did not seek this Court's review of the May 2018 Board order</u>.

Counsel filed a no-merit letter in this Court in which he analyzed the legal issues raised in the petition for review and explained his reasons for concluding that the appeal lacked any legal basis. Treating the letter as a petition for leave to withdraw, this Court issued an order indicating the petition to withdraw would be disposed of together with the merits of the petition for review. The order also allowed Merritt 30 days from service of the order to obtain new counsel and have that counsel file a brief in support of the petition for review, or alternatively, to file a brief on his own behalf. The record indicates Counsel promptly served a certified copy of the order on Merritt. No new counsel entered an appearance for Merritt. Neither new counsel nor Merritt filed a brief in support of the petition for review.[3]

## II. Issues

Although he raised only three issues in his request for administrative relief to the Board, Merritt raises five issues in his petition for review to this Court. He asserts the Board:

> (a)    Failed to credit [Merritt's] original sentence with all the time to which he is entitled.
> (b)    Assessed a period of backtime above the presumptive guideline range without listing aggravating circumstances.
> (c)    Ran the assessed periods of backtime for his technical violations and new conviction in consecutive order despite an order running them concurrently.

---

[3] The Board likewise filed no brief.

4

(d)     Failed to send [Merritt] a copy of the Order to Recommit so that he could determine if the Board accurately recalculated his max date.

(e)     Contravened [Merritt's] due process rights by waiting 13 months to dismiss his *pro se* administrative appeal as premature while rendering other decisions in the case and thereby deluding [Merritt] into a false belief that his objections to the calculation of his maximum date were preserved.

Pet. for Review, ¶6.

In his petition to withdraw, Counsel analyzed and rejected each of Merritt's allegations as without factual or legal merit.

### III. Discussion
### A. Request to Withdraw

Before reviewing the merits of Merritt's appeal,[4] we must decide whether Counsel should be permitted to withdraw. We hold that an indigent parolee's right to assistance of counsel does not entitle the parolee to representation by appointed counsel to prosecute a frivolous appeal. Presley v. Pa. Bd. of Prob. & Parole, 737 A.2d 858 (Pa. Cmwlth. 1999). Consequently, court-appointed counsel may seek to withdraw if, after a thorough review of the record, counsel concludes the appeal is wholly frivolous. Id. An appeal is wholly frivolous when it completely lacks factual or legal reasons that might arguably support the appeal. Id.

---

[4] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66 (Pa. Cmwlth. 2013).

Under our Supreme Court's holding in <u>Commonwealth v. Turner</u>, 544 A.2d 927 (Pa. 1988), court-appointed counsel seeking to withdraw adequately protects a petitioner's rights where he presents a no-merit letter detailing the nature and extent of his review, listing each issue the petitioner wishes to have raised, and explaining why those issues are meritless. If this Court, after its own independent review, agrees with counsel that the petition is meritless, counsel will be permitted to withdraw. <u>Id.</u>; <u>Adams v. Pa. Bd. of Prob. & Parole</u>, 885 A.2d 1121 (Pa. Cmwlth. 2005).

### 1. Technical Requirements for Withdrawal

First, Counsel must satisfy the technical requirements set forth in <u>Craig v. Pennsylvania Board of Probation and Parole</u>, 502 A.2d 758 (Pa. Cmwlth. 1985). Pursuant to <u>Craig</u>, Counsel must notify the parolee of his request to withdraw, furnish the parolee a copy of a no-merit letter in compliance with <u>Turner</u>, and advise the parolee of his right to retain new counsel or raise any points he may deem worthy of consideration. <u>See</u> <u>Adams</u>.

Here, Counsel provided Merritt with a copy of his no-merit letter. Upon Counsel's filing of his no-merit letter, this Court issued an order notifying Merritt of his right to retain new counsel or file a brief on his own behalf. Counsel promptly served Merritt with a copy of the order. Accordingly, Counsel complied with the technical requirements set forth in <u>Craig</u>. <u>Smith v. Pa. Bd. of Prob. & Parole</u> (Pa. Cmwlth., No. 724 C.D. 2016, filed March 3, 2017), 2017 Pa. Commw. Unpub.

6

LEXIS 143 (unreported)[5] (by serving copy of court's order, counsel notified petitioner of right to seek new counsel or file brief on his own behalf); see Adams.

## 2. Sufficiency of Counsel's Analysis

Next, we consider whether Counsel engaged in a sufficient review, addressed each issue Merritt wished to have raised, and explained why those issues were meritless. In his no-merit letter, Counsel provided a thorough discussion examining each of the issues raised by Merritt in his petition for review. Our review of the record and Counsel's analysis convinces us he engaged in a careful review of the record and relevant authority.

Counsel addressed Merritt's first contention that the Board "[f]ailed to credit [his] original sentence with all the time to which he is entitled." Pet. for Review, ¶6(a). Although Merritt's articulation of this issue is vague, Counsel determined from correspondence with Merritt that this assertion related to the period from April 10, 2015 to July 30, 2015. During that period, Merritt was in custody in lieu of bail, as well as under the Board's detainer. However, the Board did not recalculate Merritt's new minimum and maximum parole dates until its May 2018 order. Counsel confirmed that Merritt did not petition for review of that order. Moreover, Counsel stated the Board's May 2018 recommitment order, which he obtained and shared with Merritt, revealed that the Board did credit Merritt with the time at issue. Therefore, Counsel concluded Merritt's first issue lacked factual or legal merit.

---

[5] We cite this unreported decision as persuasive authority, pursuant to 210 Pa. Code §69.414(a).

Addressing Merritt's second issue alleging excessive backtime, Counsel examined the Board's order requiring Merritt to serve 30 months of backtime related to the New Convictions in Chester County. Counsel determined each offense had a presumptive range of 6-12 months. For five offenses, the aggregate maximum backtime was 60 months. See 37 Pa. Code §§ 75.2, 75.3. Counsel observed the 30-month backtime period was within the aggregate range. Citing Bandy v. Pennsylvania Board of Probation and Parole, 530 A.2d 507 (Pa. Cmwlth. 1987) and Corley v. Pennsylvania Board of Probation and Parole, 478 A.2d 146 (Pa. Cmwlth. 1984), he explained the Board is permitted to add together the presumptive ranges for multiple convictions in assessing backtime. Further, citing Smith v. Pennsylvania Board of Probation and Parole, 574 A.2d 558 (Pa. 1990), he noted the Board's assessment of backtime within the aggregate range is not appealable as excessive. Therefore, Counsel concluded Merritt's second issue had no factual or legal merit.

Concerning Merritt's third issue contending the Board improperly calculated his backtime consecutively rather than concurrently, Counsel examined each of the three backtime assessments against Merritt. Those assessments were 30 months, 24 months, and 6 months, respectively. Because the Board calculated a total backtime assessment of 30 months, Counsel concluded the Board was counting the three assessments concurrently, not consecutively as asserted by Merritt. Therefore, Counsel concluded Merritt's third issue had no factual or legal merit.

Regarding Merritt's fourth issue, failure to provide him with a copy of the Order to Recommit setting forth his recalculated maximum sentence date,

Counsel observed that in the Board's order for which Merritt is seeking review, the Board did not recalculate Merritt's maximum sentence date. Thus, there was no recalculation for the Board to send to him at that time. Therefore, Counsel concluded Merritt's fourth issue had no factual or legal merit.

Analyzing Merritt's fifth issue, the Board's delay in dismissing Merritt's request for administrative relief, Counsel determined the delay did not prejudice Merritt. The Board did not recalculate the maximum sentence date until after it dismissed Merritt's request for administrative relief. Thus, Merritt was still able to object to the maximum date once the Board calculated it. The Board's order dismissing Merritt's request for administrative relief correctly stated the Board had not yet calculated the maximum sentence date at that time. Therefore, Counsel concluded Merritt's fifth and final issue had no factual or legal merit.

In sum, Counsel's analysis demonstrated that he carefully addressed each issue Merritt raised, and explained why each issue was meritless. Further, our review of the record and Counsel's analysis in the no-merit letter provide this Court with a sufficient basis to consider the issues Merritt raises in the petition for review. See Commonwealth v. Harris, 553 A.2d 428 (Pa. Super. 1989) (by providing adequate no-merit letter, counsel ensures meaningful independent review by the court). Accordingly, we proceed to a separate consideration of Merritt's arguments.

### 3. Independent Review

We observe initially that Merritt failed to file any brief in support of his petition for review, despite this Court's explicit directive that he do so either through new counsel or on his own behalf. Under Pa. R.A.P. 2188, where a petitioner fails

9

to file a brief, the opposing party may seek dismissal of the appeal.  Here, however, the Board did not seek dismissal.  See Commonwealth v. Kephart, 594 A.2d 358 (Pa. Super. 1991) (appellee waived defects in appellant's compliance with appellate rules, where appellee filed no brief).  Moreover, the record and Counsel's no-merit letter provide sufficient information to allow meaningful review.  Therefore, we consider Merritt's arguments.  See In re AMA/Am. Mkt. Ass'n, 142 A.3d 923 (Pa. Cmwlth. 2016) (denying motion to quash, where failure to comply with appellate rules did not preclude effective review); Bell Tel. Co. v. Workmen's Comp. Appeal Bd. (Rothenbach), 511 A.2d 261 (Pa. Cmwlth. 1986) (disposing of merits of appeal, despite noting appellant was precluded from filing brief for failure to comply with court's filing deadline); Hazzard v. Commonwealth (Pa. Cmwlth., Nos. 1996 & 1997 C.D. 2013, filed January 6, 2015), 2015 Pa. Commw. Unpub. LEXIS 10 (unreported) (same).

After careful review of the record, we agree with Counsel's analysis. We conclude Merritt's petition for review lacks factual or legal reasons that might arguably support the appeal.

Notably, Merritt failed to preserve his first, second, and fourth issues for review by this Court.

Regarding his first issue concerning the Board's failure to credit time against Merritt's sentence, that issue did not arise until the Board's May 2018 order recalculating his maximum sentence date.  As Counsel correctly observed, Merritt failed to file a petition for review of the May 2018 order.  Therefore, he waived any

objection to the recalculation date. Plummer v. Pa. Bd. of Prob. & Parole, 926 A.2d 561 (Pa. Cmwlth. 2007).[6]

Merritt likewise failed to preserve his second issue, alleging excessive backtime, and his fourth issue, asserting the Board failed to send him the order to recommit so that he could review his recalculated maximum sentence date. Merritt did not raise these issues in a request for administrative relief to the Board. Accordingly, they are waived, precluding this Court's review. McKenzie v. Pa. Bd. of Prob. & Parole, 963 A.2d 616 (Pa. Cmwlth. 2009).

As for Merritt's third issue, he is simply wrong in asserting that the Board imposed his backtime consecutively. Counsel's analysis of this issue was correct in all respects.

Regarding Merritt's fifth and final issue, we agree with Counsel that because the Board issued its order recalculating the maximum sentence date after it dismissed Merritt's request for administrative relief, Merritt could have sought review of that order. Therefore, Merritt was not prejudiced by the Board's alleged delay in recalculating his maximum sentence date.

---

[6] Moreover, from our review of the documents in the record, the sentence dated July 14, 2016 for the first of the New Criminal Convictions indicates Merritt's time in custody from April 15 to July 14, 2016 was properly credited against that sentence. Where an arrestee is detained by the Board and also held for failure to post bail on pending new criminal charges, credit for that period of dual custody is properly credited against the sentence, if any, ultimately imposed on the new criminal charges. Smith v. Pa. Bd. of Prob. & Parole, 171 A.3d 759 (Pa. 2017).

11

Counsel complied with all technical and substantive requirements for requesting withdrawal. After careful independent review, this Court agrees the petition for review is frivolous. Accordingly, we grant the petition to withdraw.

## B. Disposition of Petition for Review

As discussed above, following our independent review of the record and applicable law, we agree with Counsel that Merritt's petition for review has no merit. Because we conclude the petition for review completely lacks factual or legal reasons that might arguably support an appeal, we hold the petition for review is wholly frivolous. We therefore affirm the Board's dismissal of Merritt's request for administrative relief.

## IV. Conclusion

Based on the foregoing, we agree with Counsel that Merritt's petition for review has no merit. Concluding its complete lack of any merit renders the petition for review frivolous, we grant Counsel's request to withdraw. We also affirm the order of the Board.

---

ROBERT SIMPSON, Judge

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Merritt,                :
         Petitioner     :
                        :
        v.              :   No. 474 C.D. 2018
                        :
Pennsylvania Board of Probation   :
and Parole,              :
         Respondent   :

## O R D E R

**AND NOW**, this 7th day of January, 2019, we **GRANT** David Crowley, Esquire's petition to withdraw as counsel. We **AFFIRM** the order of the Pennsylvania Board of Probation and Parole.

 

ROBERT SIMPSON, Judge