# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeremy Luke,                                    :
                        Petitioner              :
                                                :
            v.                                  :   No. 361 C.D. 2018
                                                :   Submitted: November 30, 2018
Pennsylvania Board of Probation                 :
and Parole,                                     :
                        Respondent              :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE SIMPSON                            FILED: January 18, 2019

Jeremy Luke (Luke), an inmate at a state correctional institution, petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that denied administrative relief from the Board's recalculation of Luke's maximum sentence date. Also before us is the petition of James L. Best, Esquire (Counsel) to withdraw as counsel on the ground that the petition for review is frivolous. For the reasons that follow, we vacate the Board's order, remand for further proceedings, and deny Counsel's petition to withdraw as moot.

## I. Background

Luke was released on parole on September 20, 2014. At that time his maximum release date was August 3, 2016. He had 683 days remaining on his sentence.

In January 2016, Luke was arrested in New Jersey for possession of drugs and drug paraphernalia. The Board designated Luke delinquent as of January 28, 2016. On April 9, 2016, the Board issued its warrant to detain Luke as a technical parole violator (TPV), pending disposition of the criminal charges in New Jersey. He was arrested the same day.

In a May 2016 order, the Board recommitted Luke to serve six months and six days of backtime.[1] In addition, based on the 72 days Luke was delinquent from January 28, 2016 to April 9, 2016, the Board recalculated his maximum sentence date as October 14, 2016. Certified Record (C.R.), Item #5, p. 54. On his maximum sentence date, October 14, 2016, Luke was released from custody.

The New Jersey charges resulted in a conviction in March 2017. In April 2017, the Board issued a warrant to commit and detain Luke. On April 24, 2017, the New Jersey court sentenced Luke to probation. The Board then ordered Luke to serve nine months of backtime as a convicted parole violator (CPV), to run concurrently with the six months and six days to be served as a TPV. The Board also forfeited the 495 days Luke spent at liberty on parole from September 20, 2014 to January 28, 2016. The Board recalculated Luke's maximum sentence date as December 9, 2019. C.R., Item #7, p. 129.

---

[1] "Back[time] is that part of an existing judicially-imposed sentence which the Board directs a parolee to complete following a finding ... that the parolee violated the terms and conditions of parole …." Yates v. Pa. Bd. of Prob. & Parole, 48 A.3d 496, 499 (Pa. Cmwlth. 2012).

Notably, the six months and six days of backtime (188 days) added to the 495 days Luke spent at liberty on parole from September 20, 2014 to January 28, 2016, constituted 683 days, exactly the amount of time remaining on Luke's sentence.

After receiving the Board's recommitment order, Luke filed a request with the Board for administrative relief. Luke asserted the Board erroneously extended not merely his maximum sentence date, but the actual length of his remaining sentence. Further, Luke argued his signature on parole documents did not constitute a contract denoting concurrence in the Board's actions.

The Board affirmed the recalculation of Luke's maximum sentence date as December 9, 2019. The Board explained Luke had 683 days remaining on his sentence at the time of his parole. Based on his conviction on the New Jersey charges, Luke was designated a CPV, and the Board decided to forfeit his 495 days of time at liberty on parole from September 20, 2014 to January 28, 2016. The Board then *added* the 495 days to the 683 days and concluded Luke had 1178 days remaining on his original sentence. Crediting 188 days for the time Luke spent in custody from April 9, 2016 to October 14, 2016, the Board concluded Luke had 990 days remaining on his original sentence. Reasoning Luke became available to serve his backtime when the New Jersey court sentenced him to probation on April 24, 2017, the Board added 990 days to that date and recalculated Luke's maximum sentence date as December 9, 2019.

Luke filed a petition for review in this Court. Counsel was appointed to represent him in the appeal. Counsel filed a petition for leave to withdraw in this Court, including a no-merit letter in which he analyzed the legal issues raised in the petition for review and explained his reasons for concluding that the appeal lacked any factual or legal basis.

This Court issued an order indicating the petition to withdraw would be disposed of along with the merits of the petition for review. The order also allowed Luke 30 days from service of the order to obtain new counsel and have that counsel file a brief in support of the petition for review, or alternatively, to file a brief on his own behalf. However, no new counsel entered an appearance for Luke. Neither new counsel nor Luke filed a brief in support of the petition for review.[2]

## II. Issues

On appeal,[3] Luke reasserts the arguments he raised in his request for administrative relief to the Board. He explains he is not disputing the Board's authority to forfeit his time at liberty on parole, but the Board in this instance went beyond its authority and actually extended the length of his sentence, not merely the maximum sentence date. In a related sub-issue, he contends his signature on documents relating to his parole did not create an enforceable contract that would allow the Board to extend his sentence.

---

[2] Under Pa. R.A.P. 2188, where an appellant fails to file a brief, the opposing party may seek dismissal of the appeal. Here, however, the Board did not file a brief or seek dismissal. See Commonwealth v. Kephart, 594 A.2d 358 (Pa. Super. 1991) (appellee waived defects in appellant's compliance with appellate rules, where appellee filed no brief). Moreover, the record provides sufficient information to allow meaningful review. Therefore, we consider Luke's arguments. See In re AMA/Am. Mkt. Ass'n, 142 A.3d 923 (Pa. Cmwlth. 2016) (denying motion to quash, where failure to comply with appellate rules did not preclude effective review); Bell Tel. Co. v. Workmen's Comp. Appeal Bd. (Rothenback, Jr.), 511 A.2d 261 (Pa. Cmwlth. 1986) (disposing of merits of appeal, despite noting appellant was precluded from filing brief for failure to comply with court's filing deadline); Hazzard v. Commonwealth (Pa. Cmwlth., Nos. 1996 & 1997 C.D. 2013, filed Jan. 6, 2015), 2015 Pa. Commw. Unpub. LEXIS 10 (unreported) (same).

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66 (Pa. Cmwlth. 2013).

In his petition to withdraw, Counsel analyzed and rejected each of Luke's allegations as without factual or legal merit. Counsel explained that the Board's authority to forfeit street time is settled law. Counsel also rejected Luke's assertion that the Board forced him into an unenforceable contract. Counsel reasoned that to the extent, if any, Luke's signature on parole documents could be deemed a contract, Luke received the benefit of any such contract when he was paroled.

### III. Discussion
### A. Petition to Withdraw

Before reviewing the merits of Luke's appeal, we consider Counsel's petition to withdraw. We have held an indigent parolee's right to assistance of counsel does not entitle the parolee to representation by appointed counsel to prosecute a frivolous appeal. Presley v. Pa. Bd. of Prob. & Parole, 737 A.2d 858 (Pa. Cmwlth. 1999). Consequently, court-appointed counsel may seek to withdraw if, after a thorough review of the record, counsel concludes the appeal is wholly frivolous. Id. An appeal is wholly frivolous when it completely lacks factual or legal reasons that might arguably support the appeal. Id.

Under our Supreme Court's holding in Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), court-appointed counsel seeking withdrawal adequately protects a petitioner's rights where he presents a no-merit letter detailing the nature and extent of his review, listing each issue the petitioner wished to have raised, and explaining why those issues were meritless. If this Court, after its own independent review, agrees with counsel that the petition is meritless, counsel will be permitted

5

to withdraw.  Id.; Adams v. Pa. Bd. of Prob. & Parole, 885 A.2d 1121 (Pa. Cmwlth. 2005).

First, Counsel must satisfy the technical requirements set forth in Craig v. Pennsylvania Board of Probation and Parole, 502 A.2d 758 (Pa. Cmwlth. 1985).  Pursuant to Craig, counsel must notify the parolee of his petition to withdraw, furnish the parolee a copy of a no-merit letter in compliance with Turner, and advise the parolee of his right to retain new counsel or raise any points he may deem worthy of consideration.  See Adams.  Here, Counsel provided Luke with a copy of his no-merit letter and petition to withdraw, along with a separate letter advising Luke of his right to seek other counsel or file a brief on his own behalf.  Thus, Counsel fully complied with the technical requirements of Craig.

Next, we consider whether Counsel engaged in a sufficient review, addressed each issue Luke wished to have raised, and explained why those issues were meritless.  In his no-merit letter, Counsel provided a discussion examining both of the issues raised by Luke in his petition for review.  The record and Counsel's analysis provide this Court with a sufficient basis to consider and dispose of the issues Luke raises in the petition for review.  See Commonwealth v. Harris, 553 A.2d 428 (Pa. Super. 1989) (by providing adequate no-merit letter, counsel ensures meaningful independent review by the court).  Accordingly, we proceed to a separate consideration of Luke's arguments.

After careful review of the record, we are constrained to disagree with Counsel's analysis.  We conclude Luke's petition for review correctly asserts that

6

the Board's recalculation as reflected in the record improperly extended the *length* of his sentence, not merely his maximum sentence date. Finding merit in Luke's petition for review, we deny Counsel's petition to withdraw.

**B. Merits of Petition for Review**
**1. Recalculation of Maximum Sentence Date**

The Department of Corrections (DOC), not the Board, is responsible for calculating sentences in accordance with a sentencing court's orders. Forbes v. Pa. Bd. of Prob. & Parole, 931 A.2d 88 (Pa. Cmwlth. 2007). The Board lacks authority to impose additional prison time beyond the time ordered by the sentencing courts and calculated by the DOC. Yates v. Pa. Bd. of Prob. & Parole, 48 A.3d 496 (Pa. Cmwlth. 2012).

The Prisons and Parole Code, 61 Pa. C.S. §§101–7123, provides that any parolee who commits a crime punishable by imprisonment while on parole, and is convicted of that crime, may be recommitted as a CPV. 61 Pa. C.S. §6138(a)(1). A recommitment is an administrative determination by the Board requiring a parolee to serve all or part of the unexpired term of his original sentence; it does not alter that sentence. Rivenbark v. Pa. Bd. of Prob. & Parole, 501 A.2d 1110 (Pa. 1985); Yates. If a parolee is recommitted as a CPV, he must serve the remainder of the term on his original sentence that he would have been compelled to serve had parole not been granted, with no credit for time spent at liberty on parole, unless the Board elects to award credit. 61 Pa. C.S. §6138(a)(2), (2.1). Any backtime owed is calculated from the date when the Board obtains authority to recommit a parole violator.

Here, Luke had 683 days remaining on his original sentence at the time of his parole on September 20, 2014. He spent 495 days on parole before the Board declared him delinquent on January 28, 2016. After his conviction on the charges in New Jersey, the Board exercised its discretion to forfeit Luke's 495 days on parole. Thus, those days were not credited toward the 683 days remaining on his sentence.

However, in addition to forfeiting any credit for those days, the Board also *added* them to the 683 days. Thus, the Board apparently adjusted for those 495 days in Luke's remaining sentence twice.[4] The Board did not file a brief in this case. In the absence of any explanation for the apparent double adjustment referenced above, the Board's recalculation cannot stand.

The Board correctly credited toward Luke's sentence the 188 days he spent in custody on the Board's detainer from April 9, 2016 to October 14, 2016. Subtracting those days from the 683 days previously remaining on Luke's sentence, he had 495 days left on his sentence. Counting forward from his recommitment date of April 24, 2017 yields a maximum sentence date of September 1, 2018. Thus, the Board impermissibly extended Luke's sentence by 495 days when it recalculated his maximum sentence date as December 9, 2019.

---

[4] We note that Luke was previously paroled from November 20, 2012 to March 20, 2014, a period of 485 days. The Board then recommitted him to serve six months of backtime, after which he was reparoled on September 20, 2014. Nothing in the record indicates the Board forfeited the 485 days from Luke's first parole at any time.

## 2. Contract Issue

With regard to Luke's second issue, we reject his argument as without merit. The Board did not rely on any purported contract basis for its recalculation decision. No contract law issues are implicated in this case.

## IV. Conclusion

Based on the foregoing, we agree with Luke that the Board's recalculation of his maximum sentence date improperly extended the length of his sentence. We therefore vacate the Board's order and remand for a recalculation of Luke's maximum sentence date consistent with this opinion.

We deny Counsel's petition to withdraw as moot.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeremy Luke,
         Petitioner

      v.

Pennsylvania Board of Probation
and Parole,
         Respondent

:
:
:
:
:   No. 361 C.D. 2018
:
:
:
:
:

# O R D E R

**AND NOW**, this 18th day of January, 2019, the order of the Pennsylvania Board of Probation and Parole is **VACATED** and this matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

The petition for withdrawal of James L. Best, Esquire is **DENIED** as moot.

Jurisdiction is relinquished.


_____
ROBERT SIMPSON, Judge