# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Austin Omar Gillespie a.k.a.    :
Omar A. Gillespie,              :
        Petitioner      :
                           :
      v.                  :
                           :
Pennsylvania Parole Board,    :   No. 899 C.D. 2021
          Respondent   :   Submitted: March 25, 2022

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED: July 19, 2022

Austin Omar Gillespie, also known as Omar A. Gillespie (Gillespie), petitions for review of the July 30, 2021 order[1] of the Pennsylvania Parole Board (Board) denying Gillespie's petition for administrative review challenging the Board's calculation of his parole violation maximum date. Also before us is the petition of David Crowley, Esquire (Counsel), to withdraw as Gillespie's counsel on the ground that the petition for review (Petition) is frivolous. For the reasons that follow, we grant Counsel's petition to withdraw, and we affirm the Board's order.

---

[1] The order was issued July 28, 2021 but mailed on July 30, 2021. The appeal deadline is governed by the date of mailing. 37 Pa. Code § 73.1(a). We therefore use July 30, 2021 as the date of the order.

# I. Background

On February 21, 2012, Gillespie was sentenced to two years, six months to six years of incarceration after pleading guilty to certain drug- and firearm-related offenses. Sentence Status Summary, 7/22/13 at 1, Certified Record (C.R.) at 1. At that time, Gillespie's maximum sentence date was July 19, 2017. *Id.* The Board released Gillespie on parole on March 10, 2016, at which time 496 days remained on his sentence. Order to Release on Parole/Reparole, 2/9/16, C.R. at 10. Gillespie was advised that if he was recommitted on the basis of a new criminal conviction, the Board would have the authority to deny him credit for time spent at liberty on parole. *See* Conditions Governing Parole/Reparole, 3/9/16 at 1, C.R. at 11.

On or about May 18, 2017, the Pennsylvania Attorney General's Office issued a warrant for Gillespie's arrest on the basis of various firearms-related criminal charges. Notice of Charges and Hearing, 6/15/17, C.R. at 22. On May 25, 2017, the Board declared Gillespie delinquent as of May 17, 2017. Board Action, 5/25/17, C.R. at 20. Gillespie was arrested in June 2017. Criminal Arrest and Disposition Report, C.R. at 62. The Board issued a warrant to commit and detain Gillespie on the basis of a technical violation of the conditions of parole as well as new criminal charges. Board's Warrant, 6/8/17, C.R. at 21; Notice of Charges and Hearing, 6/15/17, C.R. at 22. In September 2017, the Board lifted its detainer due to the expiration of Gillespie's original maximum date and because the new criminal charges remained pending. Board's Order, 9/11/17, C.R. at 60. Gillespie subsequently pleaded guilty to various firearms-related criminal offenses and was sentenced to serve 5 to 15 years' incarceration. Phila. Cnty. Common Pleas Court Orders, 10/22/19, C.R. at 102-05.

On October 24, 2019,[2] the Board issued another warrant to commit and detain Gillespie. Board's Warrant, 10/24/19, C.R. at 75. The Board subsequently adopted a hearing examiner's recommendation to deny Gillespie credit for time spent at liberty on parole because Gillespie "committed a new [offense] that [was] the same or similar to the original offense" and because Gillespie's new convictions involved possession of a weapon. Revocation Hearing Report, 1/29/20 at 4-5, C.R. at 117-18.

By decision recorded May 14, 2020,[3] the Board recommitted Gillespie as a convicted parole violator to serve one year, four months and nine days' backtime, thereby establishing a new parole violation maximum date of March 1, 2021.[4] Board's Decision, Recorded 5/14/20 at 1-2, C.R. at 201-02. Gillespie, through Counsel, timely petitioned for administrative review, asserting that the Board denied him "credit for all the time to which he was entitled" and that the Board failed to render its decision denying credit for time spent at liberty on parole contemporaneously to recommitting Gillespie. Administrative Remedies Form,

[2] The Board erroneously identified October 24, 2019 as Gillespie's "custody for return" date. *See* Board's Decision, 7/30/21 at 2, C.R. at 208. The date on which the Board revokes parole to recommit a parole violator constitutes the "custody for return" date. *See Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 770 (Pa. Cmwlth. 2015). Service of backtime towards the parolee's original sentence runs from this date. *See id.* However, for the reasons discussed below, this oversight does not affect our resolution of the present matter.

[3] The copy of the Board decision recorded May 14, 2020 that is available in the certified record does not bear a mailing date. *See* Board's Decision, 5/14/20 at 2, C.R. at 202. Although the Board later noted that this decision was mailed on June 18, 2020, Gillespie's petition for administrative review and Counsel's subsequent no-merit letter indicate that this decision was mailed on June 12, 2020. *See* Board's Decision, 7/30/21 at 2, C.R. at 209; Administrative Remedies Form, 7/10/20, C.R. at 204; No-Merit Letter, 12/1/21 at 3. Confusingly, Counsel also asserts in the Petition that this decision was mailed June 19, 2020. *See* Petition, 8/17/21 at 2, ¶ 4. We note, however, that this discrepancy does not affect our disposition of the present matter.

[4] For the reasons discussed below, although this parole violation maximum date is incorrect, it does not affect our disposition of Counsel's application to withdraw.

3

7/10/20, C.R. at 204 (citing *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466 (Pa. 2017); *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980)).[5]  By decision mailed July 30, 2021, the Board affirmed the challenged decision.  *See* Board's Decision, 7/30/21 at 1-3, C.R. at 207-09.  Gillespie's Petition to this Court followed.

## II. Discussion
### A. Petition

In his Petition,[6] Gillespie asserts that "the Board erred in recalculating his parole violation maximum date by failing to credit his original sentence with all the time to which he was entitled."  Petition, 8/17/21 at 2, ¶ 6.  Accordingly, Gillespie requests that this Court vacate the order of the Board establishing Gillespie's parole violation maximum date and "remand the matter to the Board to apply all the confinement credit to which he is entitled."  *Id.* at 2-3.[7]

---

[5] Due to the vague wording of the petition for administrative review, we presume Counsel intended to raise the issue noted above based on our reading of that petition in conjunction with Counsel's subsequent contentions in the Petition and no-merit letter.  The petition for administrative review reads as follows:

> The Centre County Public Defender did not represent Mr. Gillespie on the criminal charges underlying his recommitment as a convicted parole violator or at his parole revocation hearing.  Based on the limited information available at this time that he was given credit for all the time to which he was entitled or that the Board decision to deny parole liberty credit was made contemporaneous with the decision to recommit [sic].  This contravenes the Supreme Court decisions in *Pittman* and *Gaito*, respectively.

Administrative Remedies Form, 7/10/20, C.R. at 204.

[6] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law and whether necessary findings were supported by substantial evidence.  *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

[7] Neither Counsel nor Gillespie filed an appellate brief.

4

## B. Application to Withdraw

Before considering the merits of Gillespie's appeal, we must decide Counsel's request to withdraw. An indigent inmate's right to assistance of counsel does not entitle the inmate to representation by appointed counsel to prosecute a frivolous appeal. *Presley v. Pa. Bd. of Prob. & Parole*, 737 A.2d 858, 860 (Pa. Cmwlth. 1999). Consequently, court-appointed counsel may seek to withdraw if, after a thorough review of the record, counsel concludes the appeal is wholly frivolous. *Id.* at 860-61. An appeal is wholly frivolous when it completely lacks any arguable factual or legal basis. *See id.* at 861 n.2.

Under our Supreme Court's holding in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), court-appointed counsel seeking withdrawal adequately protects a petitioner's rights by presenting a no-merit letter detailing the nature and extent of his review, listing each issue the petitioner wishes to have raised and explaining why each issue is meritless. *Turner*, 544 A.2d at 928. "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has a substantive reason for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996); *see also Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009) (stating that "a no-merit letter must substantively address each of the petitioner's arguments, rather than baldly stating that the claims are without merit"). Counsel must also send the petitioner copies of the no-merit letter and the petition to withdraw, and a statement advising petitioner of the right to proceed *pro se* or by new counsel. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).

Once counsel has complied with all requirements, the court will "make an independent evaluation of the proceedings before the [B]oard to determine

5

whether [petitioner's] appeal is meritless." *Wesley v. Pa. Bd. of Prob. & Parole*, 614 A.2d 355, 356 (Pa. Cmwlth. 1992) (citation omitted). If this Court, after its own independent review, agrees with counsel that the petition is meritless, counsel will be permitted to withdraw. *Adams v. Pa. Bd. of Prob. & Parole*, 885 A.2d 1121 (Pa. Cmwlth. 2005).

### 1. Technical Requirements for Withdrawal

Here, Counsel provided Gillespie with copies of his application to withdraw and no-merit letter. *See* Application to Withdraw Appearance, 12/1/21 at 5, Proof of Service; No-Merit Letter, 12/1/21 at 8, Proof of Service. Following receipt of Counsel's no-merit letter, this Court issued an order notifying Gillespie of his right to secure new counsel or file a brief on his own behalf. *See* Cmwlth. Ct. Order, 12/3/21. Counsel served Gillespie with a copy of the order. *See* Certificate of Service, filed 12/6/21. Accordingly, Counsel satisfied the technical requirements of his request to withdraw. *Zerby*, 964 A.2d at 960.

### 2. Sufficiency of Counsel's Analysis

The sole issue raised in Gillespie's Petition is whether "the Board erred in recalculating his parole violation maximum date by failing to credit his original sentence with all the time to which he was entitled." Petition, 8/17/21 at 2, ¶ 6. Counsel first explains in his no-merit letter that Section 6138(a)(2.1) of the Prisons and Parole Code (Code),[8] 61 Pa.C.S. 6138(a)(2.1), accords the Board the discretion to grant or deny a convicted parole violator credit for time spent at liberty on parole

___

[8] 61 Pa.C.S. §§ 101–7301.

when recommitted on the basis of a non-violent offense.[9] No-Merit Letter, 12/1/21 at 3-4. Counsel correctly states that the Board must, contemporaneously with ordering recommitment, explain the rationale behind its decision granting or denying such credit. *Id.* at 4 (citing *Pittman*, 159 A.3d at 473). In *Pittman*, our Supreme Court reasoned that, consistent with a convicted parole violator's constitutional right to seek appellate review of an unfavorable administrative decision and "inherent notions of due process," the Board must articulate the rationale behind its decision in order to afford the appellate court some "method to assess the Board's exercise of discretion." 159 A.3d at 473 (citing Pa. Const. art. 5, § 9 (providing that "there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided

---

[9] Section 6138(a) of the Code provides, in relevant part:

> (2) If the offender's parole is revoked, the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.
>
> (2.1) The [B]oard may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence or a crime listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders).
> >
> > (ii) The offender was recommitted under [S]ection 6143 [of the Code] (relating to early parole of offenders subject to Federal removal order).

61 Pa.C.S. § 6138(a)(2), (2.1).

7

by law")).  However, the Board's explanation need not be extensive, and "a single sentence explanation is likely sufficient in most instances."  *Id.* at 475 n.12.

Counsel maintains that, here, the Board properly exercised this discretion in accordance with *Pittman*, as the hearing examiner's report justified the Board's denial of credit for time spent at liberty on parole contemporaneously[10] with ordering Gillespie's recommitment.  No-Merit Letter, 12/1/21 at 4.[11]  Our own independent review of the record and relevant law confirms that Counsel's conclusion is correct.  *See Wesley*, 614 A.2d at 356.

---

[10] Counsel notes that Gillespie's petition for administrative review challenged only whether the Board had provided the "contemporaneous statement" required under *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466 (Pa. 2017), because he had not yet received a copy of the hearing examiner's report.  *See* No-Merit Letter at 4.  Gillespie acknowledges that the certified record contains a copy of this report, which evidences the Board's compliance with this requirement.  *See id*; *see also* Revocation Hearing Report, 1/29/20 at 1-9, C.R. at 113-22.

[11] Counsel notes in the 'Procedural and Factual History' portion of his no-merit letter that the hearing examiner recommended denying Gillespie credit for time spent at liberty on parole due to the fact that Gillespie committed a new offense that was the same or similar to the original offense, and because he committed a new offense involving the possession of a weapon.  No-Merit Letter, 12/1/21 at 2 (citing Revocation Hearing Report, 1/29/20 at 4, C.R. at 117).  Counsel presumably omitted the Board's justification from the analysis section in the no-merit letter because Gillespie's petition for administrative review contested only whether the Board provided these reasons contemporaneously to recommitting Gillespie, rather than challenging the sufficiency of the rationale.  Nonetheless, we observe that, as noted above, the Board denied Gillespie credit for time spent at liberty on parole because Gillespie "committed a new [offense] that [was] the same or similar to the original offense" and because Gillespie's new convictions involved possession of a weapon.  Revocation Hearing Report, 1/29/20 at 4-5, C.R. at 117-18.  This explanation of the Board's rationale was sufficient under Pittman.  *See Lawrence v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1132 C.D. 2018, filed Apr. 12, 2019), slip op. at 9 (holding that the Board's stated rationale of "new conviction same/similar to the original offense" satisfied the *Pittman* standard); *Tres v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 828 C.D. 2018, filed June 3, 2019), slip op. at 7 (holding that the Board's stated rationale that the parolee had been arrested on a firearms charge satisfied the *Pittman* standard).  We cite these unreported opinions as persuasive pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

Further, Counsel maintains that the Board's recalculation of Gillespie's parole violation maximum date did not impermissibly extend his original sentence. No-Merit Letter, 12/1/21 at 4-6. Counsel explains that the Board recommits convicted parole violators to serve the remainder of the term of incarceration they would have been compelled to serve had parole not been granted. *Id.* at 4-5 (citing Section 6138(a)(2) of the Code, 61 Pa.C.S. § 6138(a)(2)). A sentence for a new conviction may not run concurrently with any time remaining on the convicted parole violator's original sentence. *Id.* at 4 (citing *Kerak v. Pa. Bd. of Prob. & Parole*, 153 A.3d 1134, 1139 (Pa. Cmwlth. 2016)). Typically, the unserved balance of the sentence constitutes the difference between the original maximum sentence date and the parole release date. *Id.* In the present case, the Board paroled Gillespie on March 10, 2016—496 days prior to the expiration of his maximum sentence date on July 19, 2017.[12] *Id.* at 5. Counsel thus explains that, here, the Board computed a parole violation maximum date of March 1, 2021 by adding 496 days (the unexpired term of the original sentence) to October 22, 2019, Gillespie's "availability date."[13] *Id.* at 6.

---

[12] We observe that despite initially identifying the correct maximum sentence date of July 19, 2017, Counsel thereafter incorrectly restated this date as July 19, *2019* in his no-merit letter. *See* No-Merit Letter, 12/1/21 at 2 & 5. Factoring the incorrect date into his calculations, Counsel erroneously determined that Gillespie owed 1,226 days' backtime towards his original sentence when released on parole. *See id.* at 3 & 5. However, in justifying the Board's calculation of Gillespie's parole violation maximum date, Counsel correctly factored in 496 days' backtime. *See id.* at 6. Thus, Counsel's erroneous computation evidently resulted from a typographical error.

[13] Counsel presumably refers to Gillespie's "custody for return" date. The Board stated in its decision mailed July 30, 2021, that it initially utilized an erroneous "custody for return" date of October 22, 2019, rather than October 24, 2019, in computing Gillespie's parole violation maximum date. *See* Board's Decision, 7/30/21 at 2, C.R. at 208. The Board maintained that this discrepancy was of no moment, however, as Gillespie had already completed service of his original sentence on March 1, 2021. *See id.* In any event, Gillespie does not contest his custody for return date.

9

We also observe that Gillespie was never detained solely on the Board's warrant, as he did not post bail following his arrest on the subsequent criminal charges. Therefore, Gillespie was not entitled to credit against his original sentence for the period he spent in custody between his arrest and his sentencing on the new charges. *See Williams v. Pa. Bd. of Prob. & Parole*, 68 A.3d 386, 389-90 (Pa. Cmwlth. 2013) (citing *Gaito*, 412 A.2d at 571) (stating that "when a parolee: (1) is incarcerated on both new criminal charges and a detainer filed by the Board and (2) does not post bail for the new criminal charges, the time spent incarcerated shall be credited against the sentence for his new criminal charges").

For these reasons, we agree with Counsel that Gillespie's claim that the Board erred in recalculating his parole violation maximum date by failing to credit his original sentence with all the time to which he was entitled is devoid of any arguable factual or legal basis. *See Presley*, 737 A.2d at 860-61 & 861 n.2.

### C. Independent Merits Review

As discussed above, following our independent review of the record and applicable law, we agree with Counsel that Gillespie's Petition has no merit. Because we conclude the Petition completely lacks factual or legal reasons that might arguably support an appeal, we find the Petition is wholly frivolous. Therefore, we affirm the Board's dismissal of Gillespie's request for administrative relief.

### III. Conclusion

Based on the foregoing discussion, we agree with Counsel that Gillespie's Petition is wholly frivolous. *See Presley*, 737 A.2d at 860-61.

Accordingly, we grant Counsel's request to withdraw, and we affirm the order of the Board.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Austin Omar Gillespie a.k.a.        :
Omar A. Gillespie,                  :
        Petitioner          :
                                    :
      v.                   :
                                    :
Pennsylvania Parole Board,          :        No. 899 C.D. 2021
        Respondent          :

# O R D E R

AND NOW, this 19th day of July, 2022, the Application to Withdraw Appearance filed by David Crowley, Esquire, is GRANTED. The July 30, 2021 order of the Pennsylvania Parole Board is AFFIRMED.


_____
CHRISTINE FIZZANO CANNON, Judge